B. M. PEYTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31208.   Promulgated March 1, 1928.

*Frank W. Wilson, Esq.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

OPINION.

Milliken : It is the contention of the petitioner that the sum paid by him and for the purpose indicated is a deductible loss under section 214(a) (6) of the Revenue Act of 1924, which provides as follows:

Losses sustained during the taxable year of property not connected with the trade or business * * * if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise. * * *

Counsel for petitioner insists that the loss claimed is deductible under the above section of the statute, and relies upon the cases of *Shearer* v. *Anderson*, 16 Fed. (2d) 995, and *W. S. Bronson* v. *Commissioner*, 9 B. T. A. 1008, in support of his position.

Counsel for respondent admits the allegations of fact set forth in the petition, which constitute our findings of fact, but denies that the respondent erred in refusing the deduction and has made a motion to dismiss the petition on the ground that it does not state facts sufficient to constitute a cause of action.

While it is not pleaded as a fact that the $5,325 paid by the petitioner was not compensated for by insurance or otherwise, we will not base our opinion upon this ground.

It seems plain to us that the section of the statute above quoted only allows deductions for losses *of* property belonging to the taxpayer. Here we have a loss not *of* property, but a loss claimed by reason of a sum of money paid for personal injuries sustained. The suit instituted against petitioner was an action in tort for personal injuries sustained. No claim is made for the deduction of any sum, which represents a loss *of* the automobile of the petitioner. The only hypothesis upon which we could say that petitioner suffered a loss *of* property, to bring this cause within section 214(a)(6), would be to construe the money paid to the injured parties as a loss of property. This would be a·strained interpretation of the statute, go beyond its intent, and would introduce into the taxing act a distinction between damages arising from the use of property and damages arising from other causes—a distinction which finds no support either in reason or the words of the statute. We are further con-

firmed in our view by the last sentence of section 214(a)(6), which provides as follows:

The basis for determining the amount of the deduction under this paragraph, or paragraph (4) or (5), shall be the same as is provided in section 204 for determining the gain or loss from the sale or other disposition of property.

Section 204 provides the basis for determining gain or loss from the sale or other disposition of property. In the instance of the money payment here involved, there would be no base for the determination of the loss.

The section here in question was placed in the statute to take care of losses not connected with a trade or business and whether or not incurred in connection with transactions entered into for profit. It constitutes one of the rare instances where provision is made for the deduction of such a type of loss. If Congress had desired to extend the statute to cover a case such as the one at bar, it would have been an easy task so to do. We can not supply an omission so that the statute can be construed to fit the exigencies of this particular case.

The cases cited by petitioner are not in point, as both were for damages to property and not for damages to a third person occasioned by the use to which the property may have been put. In the case of *Shearer* v. *Anderson, supra,* damages to taxpayer's automobile resulting from an unauthorized use thereof was held to be a loss by casualty and properly deductible. The court limits the decision when in the two closing paragraphs of the opinion it is stated:

An automobile used for recreation and convenience would seem to be most closely analogous to a pleasure yacht. As Congress has made damages due to a wreck of the latter a deductible loss, the act should be construed to show an intent to cover a wreck to the former, similarly caused, inasmuch as such a construction can fairly and reasonably be given thereto.

Whether the complaint be interpreted as charging the loss to be due proximately to the overturning caused by the faulty driving of the chauffeur over an icy road, or to subsequent freezing of the motor, in any event, it is alleged to be due to a casualty, analogous to a shipwreck, not caused by the willful act or neglect of the owner, or of one acting in his behalf. We conclude that such a loss is deductible.

In *Bronson* v. *Commissioner, supra,* damages to an automobile, resulting from a wreck while being used by taxpayer's daughter, were allowed as a deductible loss on account of a casualty.

We think the respondent was right in disallowing the deduction claimed and the motion to dismiss the petition is granted.

Reviewed by the Board.

*Judgment will be entered for the respondent.*