SAMUEL E. MULHOLLAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21633.   Promulgated July 16, 1929.

*George B. Buist, C. P. A.,* for the petitioner.
*P. A. Bayer, Esq.,* and *W. F. Gibbs, Esq.,* for the respondent.

OPINION.

LITTLETON: Petitioner claims that he is entitled to a deduction as a loss of the amount paid for personal injuries caused by his auto-

mobile under the provisions of section 214 (a) (6) of the Revenue Act of 1921, which provides that in computing net income there shall be allowed as deductions "losses sustained during the taxable year of property not connected with the trade or business * * * if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise."

Petitioner relies upon *Shearer* v. *Anderson*, 16 Fed. (2d) 995, and *W. S. Bronson*, 9 B. T. A. 1008. Those cases are not authority for the claim here made. They involved losses due to damage to property and the property happened to be an automobile. There was no element of personal injury involved.

In *B. M. Peyton*, 10 B. T. A. 1129, the facts were similar to those in this proceeding and in deciding that petitioner was not entitled to the deduction claimed, the Board said:

It seems to us that the section of the statute above quoted only allows deductions for losses of property belonging to the taxpayer. Here we have a loss not of property, but a loss claimed by reason of a sum of money paid for personal injuries sustained. The suit instituted against petitioner was an action in tort for personal injuries sustained. No claim is made for the deduction of any sum which represents a loss of the automobile of the petitioner. The only hypothesis upon which we could say that petitioner suffered a loss of property, to bring this cause within section 214 (a) (6), would be to construe the money paid to the injured parties as a loss of property. This would be a strained interpretation of the statute, go beyond its intent, and would introduce into the taxing act a distinction between damages arising from the use of property and damages arising from other causes—a distinction which finds no support either in reason or the words of the statute. We are further confirmed in our view by the last sentence of section 214 (a) (6), which provides as follows:

"The basis for determining the amount of the deduction under this paragraph, or paragraph (4) or (5), shall be the same as is provided in section 204 for determining the gain or loss from the sale or other disposition of property."

Section 204 provides the basis for determining gain or loss from the sale or other disposition of property. In the instance of the money payment here involved, there would be no base for the determination of the loss.

The section here in question was placed in the statute to take care of losses not connected with a trade or business and whether or not incurred in connection with transactions entered into for profit. It constitutes one of the rare instances where provision is made for the deduction of such a type of loss. If Congress had desired to extend the statute to cover a case such as the one at bar, it would have been an easy task so to do. We can not supply an omission so that the statute can be construed to fit the exigencies of this particular case.

We are of opinion that the Commissioner correctly disallowed the deduction claimed by petitioner.

*Judgment will be entered for the respondent.*