HENRY HARMEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38855. Promulgated March 24, 1930.

*Robert Ash, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

OPINION.

MARQUETTE: It is clear that the respondent is in error with respect to the amount of $1,500 deposited by the petitioner in the First State Bank of Megargel, Tex., in December, 1924. These deposits were funds transferred from the bank of Wichita Falls to the bank of Megargel, and represented a part of the $57,000 received by the petitioner on the execution of certain oil and gas leases, which had already been included in the petitioner's income. The amount in question should be eliminated from the petitioner's income for 1924 as heretofore determined by the respondent.

The only other question is whether the cash consideration received by the petitioner in 1924 as a part of the consideration for the execution of certain oil and gas leases should be taxed as ordinary income or as capital gain, under the provisions of section 208 of the Revenue Act of 1924. This question has been considered by the Board on a number of occasions and has been exhaustively discussed in *Henry L. Berg et al.*, 6 B. T. A. 1287; *John T. Burkett*, 7 B. T. A. 560; and *James R. Parkey et al.*, 16 B. T. A. 441. In the last named case it is stated:

In *John T. Burkett*, 7 B. T. A. 560, we were again confronted with the same question presented in the *Berg* case and with the same contention that the state law prevails. Following the *Berg* decision, we again held that an ordinary oil and gas lease did not convey title to the oil and gas and that such a lease did not constitute a sale of a capital asset within the meaning of section 206 of the Revenue Act of 1921. It is pertinent to point out that the *Burkett* case resembles these proceedings in that in addition to the usual royalty there was paid a cash consideration of $175,000.

\* \* \* \* \* \* \*

It is clear under the above authoritites that petitioner James R. Parkey is not entitled to the benefits of section 206 of the Revenue Act of 1921 and of section 208 of the Revenue Act of 1924.

The *Burkett* case was affirmed by the Circuit Court of Appeals for the Eighth Circuit, 31 Fed. (2d) 667. The court said in part:

The gist of this instrument is that, for a payment of $175,000, the oil company was given the right to prospect and produce oil for a maximum term of 50 years under the conditions and upon the payments set forth therein.

Whether this instrument can be described by any defined legal terms—such as lease, license, etc.,—it is certain that it is only a limited grant of a right in respect to land and for a limited period of time by one having the fee and possession. Such can not be denominated a sale in the ordinary sense of that word, and there is no reason to construe section 206 as using "sale" in any other sense. The wording and the legislative history of section 206 are clear

that it was intended to apply to " sales " in the sense of *conveyance of title to property*, not of the *creation of privileges or estates or rights in property for a limited period of time.*

On the authority of the decisions cited, we hold that the leases executed by the petitioner did not constitute a sale of capital assets, and that he is not entitled to the benefit of section 208 of the Revenue Act of 1924.

*Judgment will be entered under Rule 50.*

