W. S. DICKASON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14845.  Promulgated August 6, 1930.

*Charles H. Garnett, Esq.,* for the petitioner.
*Arthur Carnduff, Esq.,* for the respondent.

498

OPINION.

LANSDON: The single question to be determined here is whether the petitioner is entitled to deduct the amount paid in settlement of the judgment for damages on his income-tax return for 1921. The petitioner contends that the loss was sustained in carrying on a business and that it is therefore deductible.

The facts disclose that petitioner's automobile was used for both personal and business purposes and that the lumber company reimbursed the petitioner for all expenses of the car resulting from use in business. Title to the car was in petitioner's name and he had absolute control of its use. We have held on numerous occasions that expenses incurred in going from home to the place of business are not ordinary and necessary business expenses. *Frank H. Sullivan*, 1 B. T. A. 93; *Chas. H. Sachs*, 6 B. T. A. 68. If, as petitioner contends, the loss here sustained resulted from use of the car for business purposes, the lumber company was liable, and should have reimbursed the petitioner for the amount expended. If it was a personal expenditure, as we think it was, it is not deductible in computing petitioner's net income for 1921.

We have made a distinction between cases involving damage to the property of a taxpayer and those where damages were paid because of injury to the person of another. *Samuel E. Mulholland*, 16 B. T. A. 1331. In that case we denied the taxpayer a deduction of an amount paid as damages for personal injuries resulting from the operation of his automobile by his minor son. The facts there presented are very similar to those of the instant proceeding, and upon the authority of our decision in that case, which we think is controlling here, the respondent's determination is approved. See also *L. Oransky*, 1 B. T. A. 1239; *B. M. Peyton*, 10 B. T. A. 1129.

*Decision will be entered for the respondent.*