FOREST ANDERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64360. Promulgated May 1, 1934.

*Stanley Suydam, Esq.*, for the petitioner.
*James R. Johnson, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $2,639 in petitioner's income tax for 1929.

1. The petitioner claims the deduction of approximately $14,000 as a "loss sustained during the taxable year and not compensated for by insurance or otherwise * * * incurred in trade or business." (Revenue Act of 1928, sec. 23 (e) (1)). The amount claimed represents the uninsured part of his liability for damage for death resulting from his negligent driving of his own automobile. If allowable at all, such a loss must be the proximate result of the business (cf. *Kornhauser* v. *United States*, 276 U.S. 145); and such a finding of fact is not justified by the evidence. The petitioner, the sole witness, testified that in order to procure the prompt services

---

of a laborer to do some cement work in the floor of a building of which he was the owner and lessor, he was driving his own Cadillac car a distance of 220 miles in the nighttime with a friend when the collision occurred for which he was liable. We think the payment of the judgment is too remote to be characterized as a loss incurred in business.

2. The respondent affirmatively pleads that $142,000 received by petitioner in the taxable year is ordinary net income and not statutory capital gain, as petitioner in his return treated it. In Schedule D of his return the petitioner called this amount " oil royalty." As such, it was clearly to be treated as ordinary income and not capital gain, *Burnet* v. *Harmel*, 287 U.S. 103. But the petitioner contends that the designation " oil royalty " was a mistake and that the amounts were received as a consideration for several mineral deeds, all of which are in evidence, transferring to various persons fractional " interests in and to all of the oil, gas, and other minerals in and under and that may be produced from the following described lands situated in Seminole County, State of Oklahoma." The descriptions vary in form in the several instruments, some calling the interest conveyed an " interest in the royalty," but no point is made of these differences. The petitioner continued to own the fee to the land. He contends that these transactions were sales of capital assets and legally different from the leases considered in earlier cases.

While it may be true that there is a technical difference between a mineral deed in Oklahoma given for a single consideration, and an oil or mining lease in Texas or some other state given for either periodic royalties or a single " bonus," the practical effect of both is substantially the same and the legal distinction is overridden in applying a nationally uniform Federal income tax. We find it impossible to interpret *Burnet* v. *Harmel*, *supra*, as meaning anything else. Oil leases in Texas are called sales, but the proceeds were held to be ordinary income even though paid in lump. We can see no essential, practical, or economic difference when in Oklahoma a land owner conveys to another the lesser estate of an interest in the subterranean contents and the right to produce it.

The decisions in *J. E. Murphy*, 9 B.T.A. 610, and *J. D. Reynolds*, 10 B.T.A. 651, were cited in *Ferguson* v. *Commissioner*, 45 Fed. (2d) 573, and support the petitioner's view. But they must give way before the broader principle of *Burnet* v. *Harmel*, *supra*. The recent opinion of the General Counsel in G.C.M. 12118, Cumulative Bulletin XII-2, which is contrary to his affirmative claim here, seems to us to be incorrect.

Following, as we think, the purport of *Burnet* v. *Harmel, supra*, we hold the $142,000 to be ordinary income, and sustain the respondent's affirmative claim for the resulting increase in the deficiency. Cf. *Alexander* v. *King*, 46 Fed. (2d) 235.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

TRAMMELL concurs in the result.

----

BLACK, dissenting: I am unable to agree that *Burnet* v. *Harmel*, 287 U.S. 103, and *Alexander* v. *King*, 46 Fed. (2d) 235, cited in the majority opinion, control the disposition of the instant case and justify the Board in sustaining the Commissioner in his plea for an increased deficiency.

It should be noted that the conveyances here involved are not oil and gas leases. What petitioner did was to execute several mineral deeds transferring to various persons fractional "interests in and to all of the oil, gas, and other minerals in and under, and that may be produced from, the following described lands situated in Seminole County, State of Oklahoma, etc." and received for such mineral deeds the sum of $142,000 in the taxable year.

It seems to me that these transactions come within the purview of our decisions in *J. E. Murphy*, 9 B.T.A. 610; affirmed without opinion (D.C.Ap., Feb. 20, 1930); and *J. D. Reynolds*, 10 B.T.A. 651. In both of these cases we held that profits derived by the taxpayers from the *sale* of their interest in oil and gas underlying land owned by them for more than two years prior to the date of sale were capital gains under section 206 of the Revenue Act of 1921.

An examination of the *Murphy* case will show that the granting clause in the deed in that case was almost identical with the granting clause in the deed in the instant case.

Of course the Board has held in many cases that bonuses and royalties received as *rentals* from oil and gas leases are not receipts from the sale of capital assets and therefore are not entitled to the capital gains provision of the law. One of these cases was *Henry Harmel*, 19 B.T.A. 376. The Circuit Court of Appeals reversed us in that case, following its decision in *Ferguson* v. *Commissioner*, 45 Fed. (2d) 573. The *Harmel* case was carried to the United States Supreme Court and that Court reversed the Circuit Court and affirmed the Board. *Burnet* v. *Harmel, supra*.

I do not find anything in the Supreme Court's decision in *Burnet* v. *Harmel, supra*, which overruled our decisions in the *Murphy* and

*Reynolds* cases, *supra*. What the Supreme Court held in *Burnet* v. *Harmel* was that bonuses and oil royalties received under an oil and gas *lease* were in the nature of rentals and therefore did not come within the meaning of the capital gains section of the revenue act and that this was true in Texas, the same as in other states, notwithstanding the courts in that state construed the lease to be a sale of oil in place. The General Counsel so interpreted *Burnet* v. *Harmel*, recently in G.C.M. 12118, published in Internal Revenue Bulletin, September 11, 1933, Vol XII-2, No. 37.

In discussing *Burnet* v. *Harmel*, the General Counsel in his memorandum says:

As heretofore indicated, the case of *Burnet* v. *Harmel*, *supra*, establishes the principle that all payments from lessee to lessor under an oil and gas lease are income from the use of the land and are not gain from the sale or conversion of capital assets. This rule should be applied in all cases where the instrument of grant may be classified properly as a lease. This office is of the opinion, however, that in the case of an unlimited conveyance for a cash consideration of the lessor's reserve royalty under an oil and gas lease or of a fractional interest therein, as in the cases of *J. E. Murphy* v. *Commissioner*, *supra*, and the *Appeal of Anna Taylor*, *supra*, the conveyance may be treated as a sale of a capital asset within the purview of the capital gains provision (section 101) of the Revenue Act of 1928, provided the interest in the property sold otherwise falls within the definition of the term "capital assets" as defined in section 101.

In my judgment, the General Counsel correctly interpreted *Burnet* v. *Harmel*, in G.C.M. 12118.

In *Alexander* v. *King*, cited in the majority opinion, the court held that proceeds of sales of oil received as royalties *under a lease* were taxable as ordinary income and not as capital gain arising from the sale of capital assets. In so holding the court was in harmony with what the Board had decided in many cases.

The court there distinguished income received from oil royalties under a *lease* from income received from the *sale* of the mineral content of land such as we had before us in the *Murphy* and *Reynolds* cases. By pointing out such a distinction, the court indicated a clear intent not to overrule these cases.

In view of the facts established in the instant case, I believe the capital gains provision of the law is applicable under the doctrine we laid down in the *Murphy* and *Reynolds* cases, *supra*, which cases have not been overruled by any Board or court case, so far as I have been able to find.

LANSDON, SMITH, and ADAMS agree with this dissent.