**STERN**

v.

**CAREY, Collector of Internal Revenue.**

**Civ. No. 27584.**

United States District Court,
N. D. Ohio, E. D.

Dec. 18, 1953.

Black, McCuskey, Souers & Arbaugh and Albert B. Arbaugh, Canton, Ohio, for plaintiff.

Don Miller, Dist. Atty., Cleveland, Ohio, for defendant.

JONES, Chief Judge.

Plaintiff seeks to recover income and victory taxes paid to the defendant Collector of Internal Revenue for the calendar year 1943. He claims a deduction from his gross income under Section 23(e)(3) of the Internal Revenue Code, 26 U.S.C.A. That Section allows a deduction in the case of an individual for loss sustained during the taxable year of property not connected with a trade or business, if the loss arises from fire, storm, shipwreck, or other casualty * * * and is not compensated for by insurance or otherwise.

The taxpayer was involved in a collision in 1933 while driving his automobile. The accident resulted in the death of one of his passengers and serious injury to another. Suit was brought against him, and personal injury judgments were obtained in the sum of $18,429.09, which he paid in 1942. Thereafter, he claimed deduction for tax purposes of the amount of the judgments and attendant court costs and attorney fees.

The Commissioner disallowed the deduction and assessed a deficiency against the taxpayer in 1946. The taxpayer paid the deficiency in 1946, and filed suit for refund in 1950.

The defendant Collector now moves for summary judgment in his favor. Plaintiff does not oppose the motion. There being no dispute as to any material fact, the case is one appropriate for determination under Rule 56, 28 U.S.C.A.

Authoritative decisions make it clear that damages to a taxpayer's property incurred in an automobile collision are deductible as a loss arising from "casualty". Shearer v. Anderson, 2 Cir., 1927, 16 F.2d 995, 51 A.L.R. 534; Rosenberg v. Commissioner, 8 Cir., 1952, 198 F.2d 46. See also, Anderson v. Commissioner, 10 Cir., 1936, 81 F.2d 457, 104 A.L.R. 676; and Cf. Crystal Springs Distillery Co. v. Cox, 6 Cir., 1892, 49 F. 555. The Tax Court has consistently held, however, "that payments by a taxpayer to another person by way of compensation for injury to the person" are not a property loss of the taxpayer. Dickason v. Commissioner, 20 B.T.A. 496; Mulholland v. Commissioner, 16 B.T.A. 1331; Peyton v. Commissioner, 10 B.T.A. 1129.

I choose to follow the reasoning of the Tax Court, which I deem persuasive.

Accordingly, summary judgment will be granted in favor of the Collector.