Randolph E. Lowell v. Commissioner.
Lowell v. Commissioner
Docket No. 2137-66.
United States Tax Court
T.C. Memo 1967-70; 1967 Tax Ct. Memo LEXIS 187; 26 T.C.M. (CCH) 366; T.C.M. (RIA) 67070; April 7, 1967
Randolph E. Lowell, pro se, 1163 S. Hoover St., Los Angeles, Calif. Harold W. Vestermark, for the respondent. FORRESTER
Memorandum Opinion FORRESTER, Judge: The respondent has determined a deficiency in petitioner's income tax for the year 1964 in the amount of $466.53 and an addition to the tax for that year under section 6653(a) in the amount of $23.33. Randolph E. Lowell, hereinafter called petitioner, resides in Los Angeles, California, *188 and filed his individual income tax return for the year in issue with the district director of internal revenue in that city. The statutory deficiency notice, inter alia, (1) disallowed claimed interest deductions of $312.08, (2) disallowed $6.87 of a claimed state income tax deduction of $33.40, and (3) disallowed $1,676.12 of claimed medical expenses totaling (as adjusted) $3,376.62 [1] Other adjustments made by the statutory deficiency notice have not been put in issue. These uncontested adjustments include further disallowances of claimed deductions, allowances of certain deductions not claimed on the petitioner's return and the assertion of the so-called negligence penalty under section 6653(a). [2]
By his petition Lowell put into issue items (1), (2) and (3) as indicated above and also raised the following issues: (4) claimed two minor daughters as dependents in the year 1964 and (5) claimed a casualty loss of "over $4,000" in the year 1964. By his petition Lowell also asserted that he had not been permitted to take the *189 regular personal exemption for himself in 1964 and that he had not been permitted to deduct "interest in * * * tools, glasses, theft of one TV." Petitioner introduced no evidence concerning the theft of a TV, no evidence concerning glasses, and as to "tools" petitioner testified only that he "bought [a] tool box from Marco - DeMarco Polo * * *," for $180. As to petitioner's claim that he was not allowed a personal exemption for himself, he stated at the trial that the total tax sought from him by the Commissioner for the year 1964 amounted to such a high percentage of his total income that it was "res ipsa loquitur" that petitioner was not being allowed his own personal exemption. We do not consider that anything has been put into issue in this case except the items which are numbered (1), (2), (3), (4) and (5) above. No facts were stipulated at the time of the trial. Issue (1) On his return petitioner deducted as interest "HFC $101.87, Cr. Union 191.06 and Chg. A [?]es [presumably charge accounts] 19.15." The only evidence offered of record in support of such claim is petitioner's testimony that he had borrowed money every year for the last 10 years and had paid the *190 interest claimed. This is insufficient to overcome the presumptive correctness of respondent's determination (Tax Court Rules of Practice No. 32), consequently, we find this issue for the respondent. Issue (2) On his return petitioner claimed a deduction for state income tax paid in the amount of $33.40. The statutory deficiency notice disallowed $6.87 of this claimed deduction and taxpayer's petition seems to assert that such disallowance was erroneous by the statement, "Petitioner was not permitted to deduct interest in loans, taxes, * * *," but the record thereafter is silent as to this issue. We have assumed that the disallowance of $6.87 of the claimed state income tax deduction is in issue and resolve the issue for respondent on petitioner's failure of proof. Issue (3) Petitioner's return claimed total medical deductions (as adjusted) of $3,376.62. Petitioner's testimony indicates that most or all of these claimed expenses were made necessary by an unwarranted personal attack on him in April 1964 when at four o'clock on a Saturday afternoon petitioner was lying on a couch in his home and a man by the name of Chester Napierkowski walked in and hit him in the eye. *191 According to petitioner's testimony the blow sent him to the hospital for 17 days and thereafter he returned to the hospital 14 times for surgery. Petitioner has presented no receipts, vouchers or substantiation of any kind to support his contention that medical bills in the amount claimed were either submitted to him or paid by him, but he admitted on cross examination that at an office audit of his return he was able to substantiate such deductions in the total amount of only $1,878 ($1,700.10 as adjusted) which is the exact amount allowed by the statutory deficiency notice and which amount we now approve on petitioner's failure of proof of entitlement to a larger medical deduction. Issue (4) Petitioner testified that he and his former wife were divorced in 1961 and that custody of their two daughters, who were then 5 and 10 years old, was granted, five days per week to his former wife and two days per week to him. He testified further that he had spent approximately $35 per week for their support for a period of 10 years. This period would obviously include the year in issue and presumably it would have commenced before 1961. Concerning the total amount spent for the support *192 of the two daughters, the petitioner testified only that he contended that his ex-wife, who had remarried in 1964, did not work that year and had no money. He also testified that her husband did not work in 1964. The petitioner was asked why he did not claim either of his daughters as dependents on his 1964 return and he replied that he had had his return prepared by a man named Walters of the ABC Corporation. He identified Mr. Walters as a tax attorney. Petitioner also testified that he had not seen the return after Mr. Walters prepared it, at which point the following colloquy occurred between us and the petitioner: The Court: You signed it? The Witness: I signed it. The Court: Before he made it out? The Witness: He said, "We don't allow that." The Court: He doesn't allow you to read it before you sign it? The Witness: That is what he said. I just had surgery. I didn't argue with him. The Court: I will state for the record, I am finding your testimony unbelievable. * * * In view of the above and of other portions of petitioner's testimony we believe that his credibility is questionable and that his testimony is entitled to little weight. Section 152(a) provides *193 in relevant part: DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means [a daughter] * * * over half of whose support, for the calendar year * * *, was received from the taxpayer * * *. [Emphasis supplied.] The record is entirely silent as to the total cost of the required support for petitioner's two daughters during the year 1964 and consequently we resolve this issue in favor of the respondent. Issue (5) This claimed casualty loss of "over $4,000" arises out of the same altercation between petitioner and Chester Napierkowski which is described in Issue (3). Petitioner testified, "my [medical] bill, before I was through, was over $7,000." Section 165(c)(3) provides in pertinent part: losses of property * * * if such losses arise from * * * other casualty, * * * [Emphasis added.] We think it is extremely doubtful that medical expenses of a taxpayer, made necessary by a casualty, could be considered as a loss of property within the intendment of the statute, cf. W. S. Dickason, 20 B.T.A. 496; Samuel E. Mulholland, 16 B.T.A. 1331; B. M. Peyton, 10 B.T.A. 1129; and Stern v. Carey, 119 F. Supp. 488 *194 (N.D. Ohio E.D.). However, it is unnecessary for us to consider this question for petitioner has already been allowed all of this "loss" which he has been able to prove as a medical deduction under Issue (3) hereof. Decision will be entered for the respondent. Footnotes
1. Erroneously shown as totaling $3,376.22 on the statutory deficiency notice. ↩
2. All statutory reference are to the Internal Revenue Code of 1954.↩