ALEXANDRE R. TARSEY AND TANJA B. R. TARSEY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 876–70SC. Filed June 21, 1971.

Alexandre R. Tarsey and Tanja B. R. Tarsey, pro se.
*Norman H. McNeil*, for the respondent.

TIETJENS, *Judge:* The Commissioner determined a deficiency in petitioners' 1967 Federal income tax in the amount of $123.70. The only issue before us is whether fees paid to file suit to recover for property damages and the amount paid in settlement of a counterclaim for property damages are properly deductible as a casualty loss under section 165 (c) (3), I.R.C. 1954.[1]

### FINDINGS OF FACT

All of the facts have been stipulated and the case has been submitted under Rule 30. The stipulation and exhibits attached thereto are incorporated herein by this reference and the facts are found accordingly. Briefly summarized the facts are as follows.

The petitioners are husband and wife, whose legal residence on the date of the filing of the petition herein was Tarzana, Calif. They filed a joint income tax return for the taxable year 1967 with the district director, Los Angeles, Calif.

At 7:45 in the morning on September 28, 1967, petitioner Alexandre and one Ashcraft of Burbank, Calif., were driving their respective automobiles in the vicinity of Sherman Oaks, Calif. The automobiles collided with each other. The petitioners' automobile was damaged beyond repair and was towed away by a scrap iron dealer who paid Alexandre $20 for the remains. At the time of the collision, he was enroute from his residence to his job. The petitioners were not insured against damage caused to or by their automobile.

Alexandre filed a claim for damages to his automobile with Ashcraft's insurance carrier but the claim was rejected. He then employed an attorney who filed a complaint in the Superior Court alleging damages to his automobile due to Ashcraft's negligence. In 1967 petitioners paid their attorney $250 as a retainer fee and $23 costs for filing

---

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.

the complaint. Ashcraft answered petitioners' complaint, denying liability and cross-complained for damages to his automobile in the amount of $756 arising upon Alexandre's alleged negligence.

Since petitioners were uninsured and in order to retain his California driving license, Alexandre was required to post a cash bond of $400 with the department of motor vehicles. Ashcraft offered to settle his case for about one-half of the amount of his counterclaim (or $377.81), providing petitioners abandoned their claim. Petitioners accepted and directed payment of $377.81 out of the cash bond to Ashcraft in full settlement of the case.

In their return for 1967, petitioners claimed a casualty loss deduction based on the above facts in the net amount of $1,206, computed as follows:

| | |
|---|---:|
| Fair market value of their auto | $675 |
| Less scrap value received | 20 |
| Total | $655 |
| Add:[1] | |
| Attorney's fees | 250 |
| Filing fee | 23 |
| Mr. Ashcraft | 378 |
| Subtotal | 651 |
| Gross loss | 1,306 |
| Exclusion | 100 |
| Net loss | 1,206 |

[1] The purposes for the disbursements are set forth above.

In his statutory notice of deficiency, the Commissioner disallowed the $651 portion of the claimed casualty loss pertaining to the lawsuit, i.e., the $250 for attorney's fees, $23 for filing fees, and the $378 settlement paid to Ashcraft. As a consequence, the Commissioner determined a deficiency in income tax for 1967 in the amount of $123.70.

### OPINION

The issue facing us is simply whether petitioners can deduct as a casualty loss under section 165(c)(3)[2] those amounts expended for

---

[2] SEC. 165. LOSSES.

　(a) GENERAL RULE.—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

　　*　　　*　　　*　　　*　　　*　　　*　　　*

　(c) LIMITATION ON LOSSES OF INDIVIDUALS.—In the case of an individual, the deduction under subsection (a) shall be limited to—

　　*　　　*　　　*　　　*　　　*　　　*　　　*

　　(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph

Footnote continued on following page.

attorney and filing fees and an amount in settlement of a counterclaim for damages. The decision herein must be for the Commissioner.

The Code provides for only one measure of loss: the difference between the fair market value of the property before and after the casualty. Sec. 165(c)(3); sec. 1.165–7(b)(i), Income Tax Regs. And from the wording of the statute, the loss must be of or to property belonging to the taxpayer.

Petitioners argue that the full measure of their loss is the economic detriment suffered by them as a result of the automobile accident. This encompasses the loss to their car plus the other amounts here at issue.

The amounts contended for by petitioners are not considered by the Code or regulations, and we find no authority for allowing them. To the contrary, we find authority which prohibits these amounts from qualifying as a casualty loss. *B. M. Peyton*, 10 B.T.A. 1129 (1928). The claimed loss, except as already allowed, is not deductible.

If it should be thought that this conclusion runs counter to *Katherine Ander*, 47 T.C. 592, we do not think that is the case. In *Ander*, where litigation costs were allowed as a deduction, the fact of the casualty itself (theft) was in issue as well as the amount of the loss. A settlement ensued; $15,000 was established as the amount of the loss and a $6,250 attorney fee was paid by the taxpayer. The $15,000 was recovered by the taxpayer and, of course, could not be deducted as it was compensation for the loss. We did allow a deduction of the legal fee, saying at page 595: "However, it seems clear that the costs of recovery or salvage are so clearly identified and connected with the theft [casualty] loss itself as to be further or additional or collateral theft losses." We do not think the case of *Ticket Office Equipment Co.*, 20 T.C. 272, affd. 213 F. 2d 318 (C.A. 2, 1954), relied on in part in *Ander*, is necessarily applicable here. In that case the costs of hiring attorneys and adjusters to collect an insurance claim were held to be deductible. But the ground for deductibility there was that the purpose of the expenditure "arose in the ordinary course of petitioner's business," though some doubt is thrown on this ground in footnote 6. Under no circumstance can the litigation here be held to have been connected

Footnote continued from previous page.

shall be allowed only to the extent that the amount of loss * * * exceeds $100. * * * Income Tax Regs.:

Sec. 1.165–7(b) *Amount deductible.*—(1) *General rule.*—In the case of any casualty loss whether or not incurred in a trade or business or in any transaction entered into for profit, the amount of loss to be taken into account for purposes of section 165(a) shall be the lesser of either—

(i) The amount which is equal to the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty; or

(ii) The amount of the adjusted basis prescribed in § 1.1011–1 for determining the loss from the sale * * *.

with petitioner's business. It arose only in connection with petitioner's personal use of his auto.

In this case there was no necessity for establishing the fact that a casualty loss had been suffered. There is and was no dispute that the fair market value of the automobile at the time of the accident was $675 and the salvage value was $20 and that the difference, minus the $100 exclusion, or $555, was deductible.

At the risk of repetition, so far as we can see (leaving it to petitioners to otherwise question our shortsightedness, acuity, or astigmatism) the amount of the loss here had already been established according to the statute and the regulations—i.e., the property loss (the difference between the basis of the property before the casualty and its fair market value after the casualty). This the Commissioner has allowed and there is no question in that respect. Nevertheless, petitioner brought suit for damages against the alleged perpetrator of the loss. Again, as we see it, the costs of this suit cannot affect the amount of the casualty loss itself. They could, of course, have decreased the amount of that loss for tax purposes, because the statute only allows a deduction for the amount of any casualty loss which is not compensated for by insurance or *otherwise*. If petitioners had recovered any amount for the damage to their automobile, under the statute this amount would have diminished their casualty deduction. It could not have increased it. It can make no difference that they recovered nothing. Here, to the contrary, they paid out more to the other involved party. The amounts paid out for attorney fees, filing fees, and damages to the other party do not increase the claimable deduction. They do not have any effect on the amount of the casualty loss allowable, i.e., the loss in the value of taxpayer's damaged property. Of course the amounts expended were out-of-pocket expenses, but we are at a loss ourselves to find any statutory provision which would characterize them as a casualty loss. Accordingly,

*Decision will be entered for the respondent.*