ELDON C. HALL AND GRACE R.W. HALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hall v. Commissioner
Docket No. 11686-78.
United States Tax Court
T.C. Memo 1980-485; 1980 Tax Ct. Memo LEXIS 106; 41 T.C.M. (CCH) 282; T.C.M. (RIA) 80485; October 27, 1980, Filed Eldon C. Hall, pro se. Hugh P. Bonner, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioners' 1976 income tax liability in the amount of $3,264.92. The issue for decision is whether petitioners' expenditures for legal fees and a settlement payment resulting from an automobile accident are deductible either as a casualty loss under section 165(c)(3) [1] or as an ordinary and necessary business expense under section 162. *107 FINDINGS OF FACT Petitioners resided in Westwood, Massachusetts, at the time the petition in this case was filed. During the year 1971 petitioner Eldon C. Hall (hereinafter referred to as "petitioner") was employed by the Massachusetts Institute of Technology (MIT) in Cambridge, Massachusetts as an engineer. MIT provided petitioner with office space for the performance of his duties as an employee during the taxable year 1971. The office space provided to petitioner during that year constituted his principal place of business as an employee. On November 16, 1971, petitioner became ill while he was working at MIT. Consequently, he left work earlier than normal. Petitioner took home a draft report which he had to review prior to a telephone conference scheduled the next morning. While driving home in his automobile from MIT, petitioner accidentally struck and injured a pedestrian named Joan Leach. Joan Leach subsequently instituted a lawsuit against petitioner in the Superior Court of Middlesex County, Massachusetts, seeking to recover damages for medical bills, loss of pay and pain and suffering. In a settlement of this action, reached in 1976, petitioner agreed *108 to the entry of judgment against him in the amount of $20,000. Petitioner's automobile insurance carrier paid Joan Leach $10,000 in partial satisfaction of the judgment. Petitioner paid Joan Leach the remaining $10,000 of that judgment in 1976. During 1976, petitioner paid his attorneys $400 for legal services rendered to him in connection with the lawsuit by Joan Leach. In March 1977, petitioner applied to his employer for reimbursement of the $10,000 that he paid to satisfy the judgment and the $400 in legal fees. Petitioner's employer rejected his reimbursement request for the reason that he was committing at the time the accident occurred. On their 1976 tax return petitioners claimed a casualty loss deduction in the amount of $10,300, which respondent disallowed in full. OPINION The issue for our decision involves the deductibility of payments made in settlement of a personal injury suit as well as attorney's fees relating thereto. This lawsuit arose out of an automobile accident which occurred while petitioner was commuting from his job at MIT to his residence. Petitioner claimed $10,300 of the $10,400 of his accident related expenditures as a casualty loss *109 on his 1976 tax return (the amount representing the excess over the $100 floor of section 165(c)(3)). Petitioner argues that these expenditures are deductible under section 165(c)(3) as casualty losses or, in the alternative, as ordinary and necessary business expenses under section 162. We cannot accept either contention. Section 165(c)(3) allows a deduction for "losses of property" if such arise from a casualty. It is well settled that settlement payments and expenditures for attorney's fees which result from an automobile accident do not constitute deductible casualty losses. Tarsey v. Commissioner, 56 T.C. 553 (1971); Peyton v. Commissioner, 10 B.T.A. 1129 (1928); Stern v. Carey, 119 F. Supp. 488 (N.D. Ohio, 1953). Money expended for attorney's fees and settlement purposes is not the "property" that is the subject of a casualty and thus does not fall under section 165(c)(3). It is also evident that the expenditures herein cannot be deducted under section 162 as they were not directly related or proximately resulting from petitioner's trade or business of being an employee at MIT. Section 1.162-1(a), Income Tax Regs. This *110 is true as to both the legal fees, Kornhauser v. United States, 276 U.S. 145 (1928), and the settlement payments, Dancer v. Commissioner, 73 T.C. 1103 (1980). In this case it is undisputed that petitioner was commuting to his residence at the time the accident occurred. Expenses incurred by a taxpayer in commuting between his home and business are personal in nature and thus nondeductible. As petitioner was clearly removed from the ambit of being "on business" at the time the accident occurred, see Dancer v. Commissioner, supra, the consequent settlement payments and attorney fees are, by the same token, insufficiently related to petitioner's business to warrant a deduction under section 162. Tarsey v. Commissioner, supra, at 555-556; Freedman v. Commissioner, 35 T.C. 1179 (1961), affd. 301 F.2d 359 (5th Cir. 1962). Compare, Dancer v. Commissioner,supra, [2] and Anderson v. Commissioner, 81 F.2d 457 (10th Cir. 1936), revg. 30 B.T.A. 597 (1934). *111 Petitioner's efforts to convert this otherwise personal activity into a business one by emphasizing the report he took home for review must fail. This certainly does not rise to the level of travel between one place of business and a home containing another business location or principal office. See Dancer at 1106. Accordingly, we hold that the expenditures at issue are not deductible either under section 165(c)(3) or section 162. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise specifically indicated.↩
2. We believe that our conclusion that petitioner was not involved in any business-related activity at the time of the accident would not create "driftwood" under the concurring opinion of Judge Wilbur in Dancer v. Commissioner, 73 T.C. 1103, 1110↩ (1980). The "subtle but profound" distinction between travel during the course of one business and travel between the locations of two different businesses is not applicable to this case.