William C. DOSHER and Laurine
L. Dosher

v.

UNITED STATES of America.

No. W–82–CA–122.

United States District Court,
W.D. Texas,
Waco Division.

Oct. 24, 1983.

Pat Beard, Waco, Tex., for plaintiff.

Cary L. Jennings, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

BUNTON, District Judge.

This is an action brought by Plaintiff-taxpayers WILLIAM C. and LAURINE L. DOSHER to recover taxes paid by them in satisfaction of a deficiency in income taxes assessed for the tax year 1976. The parties have agreed that there are no contested issues of fact, and the Court is therefore entering this opinion on the basis of the briefs submitted by each party. After reviewing said briefs, the relevant authorities, and the arguments of counsel, the Court is of the opinion that Plaintiffs are not entitled to a refund of the disputed payment.

## FACTS

On February 22, 1976, Plaintiff LAURINE L. DOSHER accidentally drove her car into the house of Mr. and Mrs. H.S. Bennett of Waco, Texas, causing damage in the amount of twenty-two thousand dollars ($22,000.00). Plaintiff's liability insurance carrier paid the policy limits, or $10,-000.00 to the Bennetts, and Plaintiffs paid the remaining $12,000.00 themselves.

Plaintiffs then sought to deduct the $12,-000.00 from their 1976 income tax return, as a "casualty loss" under § 165(c)(3) of the Internal Revenue Code of 1954 (26 U.S.C.). The Internal Revenue Service denied the deduction on the ground that, in its interpretation, § 165 allows only the owner of damaged property to take a casualty loss deduction. This action ensued.

## STATUTES INVOLVED

Internal Revenue Code of 1954 (26 U.S.C.):

§ 165. LOSSES.

(a) *General Rule.*—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

.    .    .    .    .

(c) *Limitation on losses of individuals.*—In the case of an individual, the deduction under subsection (a) shall be limited to—

.    .    .    .    .

(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. . . .

## DISCUSSION

The basic issue presented by this case is whether the payment of damages by the taxpayers to a third party for injury to property caused by the negligence of one of the taxpayers constitutes a deductible casualty loss under 26 U.S.C. § 165(c)(3).

Plaintiffs take the position that money paid to the Bennetts is, under the statute, equal to a "loss of property [money]" arising from "other casualty." The Government argues that such an interpretation is inconsistent with the statutory intention to compensate owners of *physical* property for unforeseen losses or damage to their property. Thus, according to the Government, monetary losses do not fall within the statute where such losses are incurred to pay others for damage to *their* property.

The Court finds the Government's argument persuasive, particularly in view of the lack of case authority to support Plaintiffs' position. Indeed, Plaintiffs' argument seems clearly foreclosed by the Tax Court's decision in *Stoll v. Commissioner*, 15 Tax Ct.Mem.Dec. (P–H) para. 46,202 (1946). In that case, one of the questions was whether the taxpayer could claim a casualty loss deduction for cash paid to the owner of a schooner as compensation for property damage negligently inflicted by the taxpayer's minor son. Answering in the negative, the Tax Court wrote:

> We have repeatedly held that payments by a taxpayer to another person by way of compensation for injury to the person are not deductible under section 23(e)(3) [now § 165(c)(3)]. B.M. Peyton, 10 BTA 1229; Samuel E. Mulholland, 16 BTA 1331, and W.S. Dickason, 20 BTA 496. In the Peyton case, supra, we stated that the statute only allows deductions for losses of property belonging to the taxpayer and that we did not construe money paid to the injured parties as being a loss of the taxpayer's property within the intendment of the statute.... Here the petitioner seeks deduction for an amount paid to another as damage for injury to property. The situation is the same as if the payment had been for injury to the person and the same rule applied. In L. Oransky, 1 BTA 1239, the taxpayer was denied a deduction for amounts paid to a widow by way of damages in connection with her husband's death.
>
> We can only conclude that the payments here in question are not losses of

the taxpayer's property within the meaning of section 23(e)(3) and, accordingly, we sustain the determination of the Commissioner.

*Id.*, at 46–687. The above ruling is squarely on point with the instant case, and has never, to the Court's knowledge, been overruled. Plaintiffs have cited no conflicting authority, and have made no attempt to distinguish the *Stoll* case. In view of the plain language of *Stoll*, such an attempt would doubtless have been futile in any event.

For the foregoing reasons, the Court will enter judgment for the Defendant, upholding its denial of the casualty loss deduction claimed by Plaintiffs in 1976.