ings could not in any way protect or effectuate that prior judgment.

■ The Fosters and Bradshaws urge that the bankruptcy court's prior judgment did not affect their claims because they did not receive notice prior to the proposed sale. They argue that due process requires that they be given notice prior to a deprivation of their property right (their claim). We recognize that a sale free and clear is ineffective to divest the claim of a creditor who did not receive notice, *Factors and Traders Insurance Co. v. Murphy*, 111 U.S. 738, 4 S.Ct. 679, 28 L.Ed. 582 (1884); *Ray v. Norseworthy*, 90 U.S. (23 Wall.) 128, 23 L.Ed. 116 (1874); *In re Wiltse Brothers Corp.*, 361 F.2d 295 (6th Cir.1966); *see generally* 4B Collier on Bankruptcy § 70.99[2] (14th ed. 1978), and that, were it necessary to reach this question, this lack of notice might well require us to find that the bankruptcy court's prior judgment was ineffective as to the Fosters' and Bradshaws' claims. But, this argument raises another, even more basic question which leads us to the same result. The Fosters and Bradshaws did not even have a claim at the time of the bankruptcy court's order of sale.[6] There was no property right to be deprived; by the same token, there was no claim to be divested. The Fosters' and Bradshaws' claims did not arise until more than five years after the sale and more than a year after the bankruptcy estate was closed. The bankruptcy court could not sell free and clear of claims asserted by the victims of an accident which did not occur until five years later. Consequently, the injunction sought by Mooney-New Jersey against the California state court proceedings is entirely unnecessary to protect or effectuate the bankruptcy court's prior judgment, because that judgment was ineffective as to the Fosters' and Bradshaws' claims.[7]

Accordingly, we find that the bankruptcy court lacked jurisdiction over Mooney-New Jersey's complaint. Because we determine that no jurisdiction exists, we do not find it necessary to address the merits of Mooney-New Jersey's appeal.

The case is remanded to the district court; we direct the district court to remand to the bankruptcy court with instructions to dismiss for want of jurisdiction. Costs shall be borne by appellant.

REMANDED with instructions to dismiss.

**William C. DOSHER, et al.,
Plaintiffs-Appellants,**

v.

**UNITED STATES of America (Internal Revenue Service), Defendant-Appellee.**

No. 83–1788
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 23, 1984.

---

Beard & Kultgen, Waco, Tex., Pat Beard, Waco, Tex., for plaintiffs-appellants.

Hugh P. Shovlin, Asst. U.S. Atty., San Antonio, Tex., Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., D. of J., Michael L. Paup, Chief, Appellate Sect., Washington, D.C., for defendant-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

This appeal poses the question whether a taxpayer may deduct as a casualty loss money paid to compensate another for damage to property caused by the taxpayer's negligence. The district court, 573 F.Supp. 99, rejected the arguments of the taxpayer. We affirm.

## Background

Laurine L. Dosher accidentally drove her automobile into the home of the H.S. Bennetts of Waco, Texas, causing $22,000 damage to the house and its contents. The Dosher liability insurer paid its policy limits of $10,000 and Laurine Dosher and her husband William C. Dosher paid the $12,-000 balance. The Doshers claimed a casualty loss of $11,900 (the $12,000 less $100) under § 165 of the Internal Revenue Code, 26 U.S.C. § 165. The Commissioner of Internal Revenue denied the deduction and assessed additional taxes which the Doshers paid. After a refund was denied the Doshers sought relief from the district court claiming that they had sustained a loss of property when they paid the Bennetts for the damages resulting from the vehicle/house collision. The district court concluded that § 165 applied only to losses resulting from damage to a taxpayer's own property and did not extend to money the taxpayer paid to reimburse a third person for damage to that person's property.

## Discussion

In the tax arena, deductions are neither matters of right nor equity. They are exclusively items of legislative grace. Deductions in the code are not found by weighing or balancing equities; they are discovered by a parsing of the legislative language, and, in the case of an ambiguity, a review of the legislative history. Deductions are narrowly construed and the taxpayer bears the burden of proving entitlement. *Commissioner v. National Alfalfa Dehydrating & Milling Co.*, 417 U.S. 134, 94 S.Ct. 2129, 40 L.Ed.2d 717 (1974); *Lettie Page Whitehead Foundation, Inc. v. United States*, 606 F.2d 534, 539 (5th Cir.1979) ("deductions are strictly controlled by the code and equity cannot create a deduction").

The section applicable to our instant inquiry, § 165, provides in pertinent part:

(a) *General Rule.*—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

(b) *Amount of Deduction.*—For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property.

(c) *Limitation on Losses of Individuals.*—In the case of an individual, the deduction under subsection (a) shall be limited to—

(1) losses incurred in a trade or business;

(2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and

(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100.  * * *

It is apparent that the Doshers' loss neither arose in the course of a trade or business nor in a transaction entered into for profit. The Doshers must look to § 165(c)(3) for their deduction.

 We perceive the words "losses of property" to be words of limitation. Section 165(c)(1) and (c)(2) speak of any loss; only (c)(3) speaks of losses of property. We find this language expressive of congressional intent to narrow the types of losses deductible under this subsection. We conclude, as did our colleagues in the Ninth Circuit in *Pulvers v. I.R.S.,* 407 F.2d 838 (9th Cir.1969), that the loss must be a damage or loss to physical property. We are persuaded that "property" as used in § 165(c)(3) includes money only if the actual currency or coinage is physically damaged or destroyed by the enumerated or implied casualties. Money paid to another by virtue of a tort claim or judgment perhaps ought to be a permitted, deductible casualty loss. That matter, however, must be addressed to the only body which can create such a deduction, the Congress.

Our holding today is in accord with all previous cases which have considered the issue. *See e.g., Tarsey v. Commissioner,* 56 T.C. 553 (1971); *Broido v. Commissioner,* 36 T.C. 786 (1961); *Stern v. Carey,* 119 F.Supp. 488 (N.D.Ohio 1953); *Dickason v. Commissioner,* 20 B.T.A. 496 (1930); *Mulholland v. Commissioner,* 16 B.T.A. 1331 (1929); *Peyton v. Commissioner,* 10 B.T.A. 1129 (1928). Heretofore, no deduction has been allowed for the payment of money merely because that payment arose out of events associated with a casualty. *See West v. United States,* 163 F.Supp. 739 (E.D.Pa.1958), *aff'd* 259 F.2d 704 (3d Cir. 1958); *Bartlett v. United States,* 397 F.Supp. 216 (Md.1975); *Hall v. Commissioner,* Tax Ct.Mem.Dec. (P–H) para. 80,-485 (1980); *Lowell v. Commissioner,* 36 T.C.M. (P–H) para. 67,070 (1967); *Orr v. Commissioner,* 29 T.C.M. (P–H) para. 60,-147 (1960).

AFFIRMED.