T.C. Memo. 2011-55

UNITED STATES TAX COURT

ROBERT K.K. AND DORIS K. PANG, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 916-09.                    Filed March 9, 2011.

        In 2002 P-H was involved in a car accident in
which he struck a pedestrian, who later died.  In 2004
P-H paid the pedestrian's estate $250,000 in settlement
of a wrongful death lawsuit.  Ps filed a joint Federal
income tax return for 2004 on which Ps claimed a
casualty loss deduction, pursuant to I.R.C. sec.
165(c)(3), for the $250,000 settlement payment.  R
determined a deficiency in Ps' Federal income tax for
2004 on the basis that the settlement payment did not
constitute a casualty loss under I.R.C. sec. 165(c)(3).
Ps petitioned this Court for a redetermination of the
deficiency.

        Held:  P-H's payment of $250,000 in settlement of
a wrongful death claim stemming from an automobile
accident is not a casualty loss deductible under
I.R.C. sec. 165(c)(3).

Robert K.K. and Doris K. Pang, pro se.

David Lau, for respondent.


MEMORANDUM OPINION


GUSTAFSON, Judge:  By a statutory notice of deficiency dated December 12, 2008, the Internal Revenue Service (IRS) determined a deficiency of $64,969 in the 2004 Federal income tax of petitioners Robert K.K. and Doris K. Pang.  The Pangs brought this case pursuant to section 6213(a),[1] asking this Court to redetermine the deficiency.  The issue for decision is whether the Pangs are entitled to a casualty loss deduction under section 165(c)(3) for the $250,000 that Mr. Pang paid to settle a wrongful death claim stemming from an automobile accident.  For the reasons explained below, we hold that they are not.

## Background

This case was submitted fully stipulated pursuant to Rule 122.  The stipulation of facts filed May 7, 2010, and the attached exhibits are incorporated herein by this reference.  At the time that they filed their petition, the Pangs resided in Hawaii.

---

[1]Unless otherwise indicated, all citations of sections refer to the Internal Revenue Code of 1986 (26 U.S.C.), as amended and in effect for the tax year at issue, and all citations of Rules refer to the Tax Court Rules of Practice and Procedure.

On December 5, 2002, Mr. Pang was involved in an automobile accident in which he hit a pedestrian with his vehicle. The pedestrian later died as a result of this accident. The pedestrian's estate filed a claim against Mr. Pang for wrongful death.

Mr. Pang had a personal automobile insurance policy with Tradewind Insurance Co., Ltd. The policy had a liability limit of $100,000 per person for bodily injury, death benefit endorsements of $50,000, and personal injury protection (PIP) of $10,000.[2] Mr. Pang's insurance company concluded that the proximate cause of the accident rested with Mr. Pang, and they tendered to the estate payments that exhausted the policy's limits--i.e., $100,000 for bodily injury, plus a death benefit of $50,000, plus a PIP payment of $10,000.

In order to fully settle its claim against Mr. Pang, the estate insisted on a large contribution of funds from Mr. Pang in addition to the insurance funds it had already received. Following arbitration, Mr. Pang agreed to pay $250,000 to the estate.

On May 4, 2004, Mr. Pang made the agreed $250,000 settlement payment to the estate by check. Mr. Pang was not compensated or reimbursed for this $250,000 by insurance or otherwise.

---

[2]The parties stipulate that the policy's PIP coverage was $20,000 but then state that a payment of $10,000 exhausted the PIP limits. We assume that the correct amount is $10,000, but the discrepancy is not material to the outcome here.

For the year in which Mr. Pang made the payment, i.e., 2004, the Pangs filed a joint Form 1040, U.S. Individual Income Tax Return, to which they attached a Form 4684, Casualties and Thefts, on which they listed a casualty loss of $250,000, representing the payment made in settlement of the wrongful death suit. After application of statutory limitations, the Pangs claimed a casualty loss deduction of $217,655 on their Schedule A, Itemized Deductions.

The IRS disallowed the casualty loss deduction the Pangs claimed on their 2004 return. On December 12, 2008, the IRS issued to the Pangs a statutory notice of deficiency pursuant to section 6212, showing a deficiency of $64,969 in income tax for tax year 2004. On January 12, 2009, the Pangs timely petitioned this Court for a redetermination of that deficiency.

The parties jointly moved to submit the case under Rule 122, and the case is now before the Court for decision without trial. The issue for decision is the deductibility under section 165(c)(3) of a payment made in settlement of a wrongful death suit arising from an automobile accident.

## Discussion

Generally, the IRS's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and

taxpayers bear the burden of proving that they have met all requirements necessary to be entitled to the claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Moreover, deductions are to be narrowly construed, and taxpayers bear the burden of proving that the claimed deduction falls within the ambit of the cited statutory provision. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[3]

Section 165 provides as follows:

SEC. 165. LOSSES.

(a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

     \*     \*     \*     \*     \*     \*     \*

(c) Limitation on Losses of Individuals.--In the case of an individual, the deduction under subsection (a) shall be limited to * * *

     \*     \*     \*     \*     \*     \*     \*

(3) * * * losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft.

[Emphasis added.]

---

[3]Thus, it is not enough for a taxpayer to argue, as the Pangs do, that the "Tax Code does not say you cannot deduct losses from accidental car death." (Emphasis added.) Rather, the taxpayer must show that the Code affirmatively allows the deduction they claim.

Section 165(c)(3) thus allows non-corporate taxpayers a deduction only for "losses of property" (emphasis added) that arise from casualty.

In Whitney v. Commissioner, 13 T.C. 897, 899 (1949), this Court observed that "the losses allowable under section 23(e)(3) [a predecessor to section 165] are specifically limited to losses of property arising from casualty, and damages paid for injuries and wrongful death are plainly without the provisions of the statute." (Emphasis added.) This Court has consistently held that settlement payments which result from automobile accidents do not constitute deductible casualty losses. Tarsey v. Commissioner, 56 T.C. 553 (1971); Dickason v. Commissioner, 20 B.T.A. 496 (1930); Mulholland v. Commissioner, 16 B.T.A. 1331 (1929); Peyton v. Commissioner, 10 B.T.A. 1129 (1928); Hall v. Commissioner, T.C. Memo. 1980-485.

The Pangs maintain, however, that their $250,000 settlement payment is deductible under section 165(c)(3) as a casualty loss because Webster's Dictionary defines "casualty" as "[l]osses caused by death, wounds" and the accident victim's death in December 2002 was certainly a casualty.

This issue is resolved not by Webster's definition of "casualty" but by the Code's provisions for "casualty loss" quoted above. Moreover, the Pangs' position conflates two distinct things--the victim's casualty (which occurred when he

died in 2002) and the Pangs' financial <u>loss</u> (which occurred when they made their payment in 2004)[4]--and does not explain how the "casualty" of the victim results in a deductible "casualty loss" for the Pangs under section 165.

This Court has held that "physical damage or destruction of property is an inherent prerequisite in showing a casualty loss." <u>Citizens Bank of Weston v. Commissioner</u>, 28 T.C. 717, 720 (1957), affd. 252 F.2d 425 (4th Cir. 1958). The Court of Appeals for the Ninth Circuit, to which an appeal in the present case would lie, likewise requires physical damage to the taxpayer's property as a prerequisite to a casualty loss deduction. See, e.g., <u>Kamanski v. Commissioner</u>, 477 F.2d 452 (9th Cir. 1973), affg. T.C. Memo. 1970-352;[5] <u>Pulvers v. Commissioner</u>, 407 F.2d 838, 839 (9th Cir.

---

[4]The regulations provide that "To be allowable as a deduction under section 165(a), a loss must be * * * actually sustained during the taxable year", 26 C.F.R. sec. 1.165-1(b), Income Tax Regs., and that "any loss arising from * * * casualty is allowable as a deduction under section 165(a) for the taxable year in which the loss is sustained", <u>id.</u> sec. 1.165-7(a)(1). The victim's casualty (i.e., his death) was not sustained in the year at issue, 2004. Rather, it was the Pangs' loss that was sustained in 2004. The focus here must be on the Pangs' loss.

[5]In <u>Kamanski v. Commissioner</u>, 477 F.2d 452 (9th Cir. 1973), affg. T.C. Memo. 1970-352, the taxpayers' neighboring property had suffered a casualty (a mudslide) that did not damage the taxpayers' property but reduced its market value. The Court of Appeals for the Ninth Circuit stated: "The Tax Court ruled that the loss sustained was a nondeductible personal loss in disposition of residential property and not a casualty loss; that the drop in market value was not due to physical damage caused by the slide, but to 'buyer resistance'; that <u>casualty loss is limited to damage directly caused by the casualty</u>. We agree." <u>Id.</u> at 452 (emphasis added).

1969), affg. 48 T.C. 245 (1967).[6]  As a result, to obtain the deduction the Pangs must demonstrate that the claimed casualty loss is attributable to physical damage to their <u>property</u> (e.g., damage caused to their vehicle during the accident).  They have not done so--and any damage to their property occurred in 200<u>2</u>, not 2004.

The Pangs' claimed loss is attributable not to property damage but to the monetary settlement of a wrongful death claim. To the extent the Pangs are arguing that the payment constitutes a loss of their property, we find that to be beyond the scope of section 165(c)(3).  The term "losses of property" in section 165(c)(3) does not include a taxpayer's monetary payment to a third party or a decrease in the taxpayer's net worth.  See <u>Furer v. Commissioner</u>, 33 F.3d 58 (9th Cir. 1994) (loss suffered by taxpayers through a decline in the value of their stock due to a fluctuating market did not constitute a casualty loss), affg. T.C. Memo. 1993-165; <u>Dosher v. United States</u>, 730 F.2d 375, 377 (5th Cir. 1984) ("'property' as used in [section] 165(c)(3)

---

[6]The Court of Appeals for the Fifth Circuit cited <u>Pulvers v. Commissioner</u>, 407 F.2d 838, 839 (9th Cir. 1969), affg. 48 T.C. 245 (1967), in <u>Dosher v. United States</u>, 730 F.2d 375 (5th Cir. 1984), a case in which the taxpayers, like the Pangs, were forced to pay tort damages that exceeded their insurance policy limits and attempted to claim the payment as a casualty loss.  The Fifth Circuit stated, "[section 165](c)(3) speaks of losses of property.  We find this language expressive of congressional intent to narrow the types of losses deductible under this subsection. * * * [T]he loss must be a damage or loss to physical property."  <u>Id.</u> at 377.

includes money only if the actual currency or coinage is physically damaged or destroyed by the enumerated or implied casualties"). As a result, although the death of the pedestrian was certainly a "casualty" in the general sense of the word, and although one could say that the Pangs suffered a subsequent economic "loss" when they paid the wrongful death settlement, we cannot hold that Congress intended such a payment to be a "casualty loss" within the meaning of section 165(c)(3).

As a result, we find that the Pangs are not entitled to a casualty loss deduction under section 165(c)(3) on their 2004 return for the $250,000 that Mr. Pang paid to settle the wrongful death claim stemming from the automobile accident.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.