**Harvey and Florence PULVERS, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent**

No. 22206.

United States Court of Appeals Ninth Circuit.

Feb. 6, 1969.

Harvey D. Pulvers (argued), pro. per.

Richard M. Roberts, Washington, D. C. (argued), Mitchell Rogovin, Asst. Atty. Gen., Lester R. Uretz, Chief Counsel, IRS, Lee A. Jackson, Wm. A. Friedlander, Bennet N. Hollander, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and THOMPSON*, District Judge.

CHAMBERS, Circuit Judge.

Can taxpayers on their federal income tax return take a deduction for an "other casualty loss" when as a consequence of a nearby landslide that ruined three nearby homes, but did no physical damage to the property of taxpayers, with a resultant loss of value because of common fear the mountain might attack their resi-

---

* The Honorable Bruce R. Thompson, United States District Judge, District of Nevada, sitting by designation.

dence and lot next? (There is yet no substantial impairment of ingress or egress on the street serving their home.) We agree with the tax court that they cannot.

Sec. 165, Internal Revenue Code of 1954 [1], so far as pertinent provides:

"Sec. 165. Losses.

(a) *General Rule.*—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

\* \* \* \* \* \*

(c) *Limitation on Losses of Individuals.*—In the case of an individual, the deduction under subsection (a) shall be limited to—

\* \* \* \* \* \*

(3) Losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. \* \* \*

\* \* \* \* \* \*"

The tax court affirmed the commissioner's determination that the taxpayers incurred no actual loss: that they suffered a hypothetical loss or a mere fluctuation in value.

It may be that the loss is all in the heads of taxpayers and of prospective purchasers, but that circumstance has resulted in a very substantial depreciation of value. (Of course, if the rest of the hill or mountain remains quiet for many years, some or most of the value would come back.) But we would agree with the Los Angeles County assessor that the value certainly went down. And, the finding that the loss was a "mere" fluctuation in value is enough to aggravate any taxpayer.

We think their loss is one that the Congress could not have intended to include in Sec. 165(c) (3). The specific losses named are fire, storm, shipwreck, and theft. Each of those surely involves physical damage or loss of the physical property. Thus, we read "or other casualty," in para materia, meaning "something like those specifically mentioned." The first things that one thinks of as "other casualty losses" are earthquakes and automobile collision losses, both involving physical damage losses.

One trouble with the construction of taxpayers on "other casualty" is that the consequences are limitless. Think of the thousands of claims that could be made for loss of value because of shift of highways, but still involving no lack of ingress.

If one is over the San Andreas fault in California, an authentic report (if one could be had) that it is about to slip would depreciate one's property value before the event. A notorious gangster buying the house next door would depreciate the value of one's property.

It is difficult to imagine the consequences of taxpayers' reading of the statute. The internal revenue service now has an army of tax gatherers and it always claims it does not have enough. Think of the number this door, if opened, would add. We will not imply that the Congress intended such a thing. Of course, if the courts would so imply, the Congress would straighten us out very quickly.

We agree with the Fourth Circuit case of Citizens Bank of Weston v. Commissioner, 252 F.2d 425. Also, our reading of United States v. White Dental Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120, indicates the result we reach here.

Some day we may get a case where a condition has arisen of such certain future consequences that the taxpayer in good sense has absolutely abandoned his property. It might call for a different result, but we shall not reach it here. Neither do we reach the case where egress and ingress have been lost for the foreseeable future or materially impaired.

1. 26 U.S.C. § 165.

840

The taxpayers' argument is appealing. The ingenuity is admirable. But the language is such that we do not think the Congress intended the contended for construction.

The decision of the Tax Court is affirmed.