33 F.3d 58
 74 A.F.T.R.2d 94-6019
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lewis FURER; Martha Irene Furer, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70945.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 10, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lewis and Martha Irene Furer appeal pro se the tax court's decision affirming the Internal Revenue Service's ("IRS") determination of deficiency in income tax for the years 1985, 1986, and 1987. The Furers contend that the tax court erred by finding that the Furers' losses from the 1987 stock market crash are deductible as capital losses rather than ordinary losses. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482. We affirm.
 
 
 3
 * Background
 
 
 4
 After the stock market crash in 1987, the Furers filed amended tax returns for 1984, 1985 and 1986, on which they treated their stock transactions as trade or business activities and their stock related interest expenses as trade or business expenses. The Furers received refunds for each year that they filed an amended return. On their 1987 return, the Furers treated their losses from the stock market crash as ordinary losses resulting in a net operating loss which they then carried back to 1986 by filing a second amended return for 1986. The Furers received a refund as a result of their 1987 return and their second amended 1986 return.
 
 
 5
 On April 13, 1990, the IRS issued a statutory notice of deficiency to the Furers for 1985, 1986, and 1987. The IRS determined that the Furers' net operating loss carryback from 1987 to 1986 should be disallowed based on the IRS's determination that Lewis Furer was a securities investor rather than in the trade or business of investing in securities.[1]
 
 
 6
 The Furers filed a timely petition for redetermination in the tax court alleging that the losses they suffered as a result of the 1987 stock market crash were casualty losses and, therefore ordinary losses which could be carried back as part of their net operating loss for 1987 under section 172. In the alternative, the Furers argued that they were entitled to ordinary losses for the losses they suffered as a result of the stock market crash because Lewis Furer was a securities dealer rather than a securities trader.
 
 
 7
 After trial, the tax court rejected the Furers' arguments and held that the Furers' losses from the 1987 stock market crash could not be carried back as part of their net operating losses for 1987 because the losses constituted capital losses. The Furers timely appeal.[2]
 
 II
 Merits
 A. Casualty Losses
 
 8
 The Furers contend that the tax court erred by finding that their stock losses did not constitute casualty losses as defined under 26 U.S.C. Sec. 165(c)(3). This contention lacks merit.
 
 
 9
 Section 165(a) and (c)(3) provides that deductions are limited to "losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from, fire, storm, shipwreck, or other casualty, or from theft." 26 U.S.C. Sec. 165(c)(3). As we recognized in Pulvers v. Commissioner, 407 F.2d 838 (9th Cir.1969), in order for a loss to qualify as a casualty loss under section 165(c)(3), the loss must be the result of physical damage to property. Id. at 839. In Pulvers, we stated that:
 
 
 10
 [t]he specific losses named are fire, storm, shipwreck, and theft. Each of those surely involves physical damage or loss of the physical property. Thus, we read 'or other casualty,' in para materia, meaning 'something like those specifically mentioned.' The first things that one thinks of as 'other casualty losses' are earthquakes and automobile collision losses, both involving physical damage losses.
 
 
 11
 Id.
 
 
 12
 Here, there is no physical damage to the Furers' securities. Thus, the tax court did not err by finding that the Furers had failed to sustain a casualty loss deduction under section 165(c)(3). See Pulvers, 407 F.2d at 839. Furthermore, the loss suffered by the Furers was a decline in the value of their stock due to a fluctuating market. Section 1.165-4(a) of the Treasury Regulations provides:
 
 
 13
 [n]o deduction shall be allowed under section 165(a) solely on account of a decline in the value of stock owned by the taxpayer when the decline is due to a fluctuation in the market price of the stock or to other similar cause. A mere shrinkage in the value of stock owned by the taxpayer, even though extensive, does not give rise to a deduction under section 165(a) if the stock has recognizable value on the date claimed as the date of loss.
 
 
 14
 26 C.F.R. Sec. 1.165-4(a).
 
 
 15
 Because the Furers' losses from the stock market crash were the result of fluctuation in the market and not the result of any physical injury to the Furers' property, the tax court properly upheld the IRS's classification of their losses as capital losses.
 
 B. Securities Dealer
 
 16
 The Furers next contend that the tax court erred by finding that Lewis Furer was a securities trader rather than a securities dealer. This contention lacks merit.
 
 
 17
 Internal Revenue Code section 165(f) provides that deductions for losses from the sale or exchange of capital assets are limited by section 1211 (limitations on capital losses) and section 1212 (capital loss carrybacks and carryovers). 26 U.S.C. Sec. 165(f). Capital assets are defined under section 1221 as "property held by the taxpayer, but does not include ... property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business." 26 U.S.C. Sec. 1221(1); United States v. Wood, 943 F.2d 1048, 1051 (9th Cir.1991). In determining whether securities fall within this exception to capital assets, "courts have identified three classifications of purchasers of stocks or commodities futures--dealers, traders or investors." Wood, 943 F.2d at 1051. To qualify under the capital assets exception, the seller of the securities must be a dealer rather than a trader or an investor. Id.
 
 
 18
 A dealer is a person who purchases securities with the expectation of realizing a profit by selling the securities to customers at a mark-up. Id. (citing Kemon v. Commissioner, 16 T.C. 1026, 1032-33 (1951)). Thus, for purposes of section 1221, a dealer has customers. Id.; Mirro-Dynamics Corp. v. United States, 374 F.2d 14, 16 (9th Cir.), cert. denied, 389 U.S. 96 (1967). A trader, on the other hand, is a purchaser who expects to make a profit by selling the securities following a rise in their value. Wood, 943 F.2d at 1051. "A trader performs no merchandising functions nor any other service which warrants compensation by a price mark-up." Id.
 
 
 19
 Based on the record before us it is clear that Lewis Furer was a securities trader rather than a securities dealer. Lewis Furer was primarily engaged in trading securities on his own account and depended on a rise in the market value for a profit. See id. He did not perform any merchandising functions or any other services warranting a mark-up in the price of the securities. See id. Lewis Furer merely traded his securities through the firm of Bateman Eichler, Hill Richards. He did not locate sellers or purchasers, nor was his source of supply different than that of his purchasers. Furthermore, Lewis Furer was not licensed as a securities dealer, nor did he advertise or hold himself out as a dealer. See Mirro-Dynamics, 374 F.2d at 16; Kemon, 16 T.C. at 1034.
 
 
 20
 Thus, the tax court was correct in finding that Lewis Furer was a securities trader rather than a securities dealer. See Wood. Accordingly, the losses suffered by the Furers in 1987 are capital losses and cannot be carried back as a net operating loss under section 172. See Mirro-Dynamics, 374 F.2d at 16.[3]
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellants' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The IRS also determined that the Furers' interest expenses were subject to the investment interest limitation. During the proceedings below, however, the IRS conceded that Lewis Furer was in the trade or business of trading securities. As a securities trader, Lewis Furer was entitled to deduct related interest expenses without limitation. Thus, the deficiencies for 1985 and 1987 were eliminated. The IRS's concession, however, did not affect its determination that the Furers' 1987 losses were capital losses rather than ordinary losses and the case proceeded on the issue of the proper characterization of the losses
 
 
 [2]
 Appellants' request to file an oversized reply brief is granted
 
 
 [3]
 The Furers also raise several issues on appeal that the tax court properly declined to consider because they were not raised in or by the notice of deficiency. See 26 U.S.C. Sec. 6214(b). We also lack jurisdiction to consider these issues on appeal. See id
 
 
 [4]
 The Furers' motion to compel the IRS to stay collection procedures is denied