T.C. Memo. 1996-469


UNITED STATES TAX COURT


AGOSTINHO DIAS REIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7635-95.                    Filed October 21, 1996.


Agostinho Dias Reis, pro se.

<u>Tyrone J. Montague</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciencies in, additions to, and accuracy-related penalty on
petitioner's Federal income tax:

|  |  | Additions to Tax<br>Section | Accuracy-Related Penalty<br>Section |
| --- | --- | --- | --- |
| Year | Deficiency | 6651(a)(1)[1] | 6662(a) |
| 1989 | $4,398 | $1,100 | -- |
| 1990 | 8,656 | 2,164 | $1,731 |

The issue remaining for decision is whether petitioner is entitled for 1990 to deduct under section 165 a theft loss in the amount of $173,000. We hold that he is not.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner lived in New York, New York. He filed his Federal income tax returns for 1989 and 1990 on April 8, 1994.

In 1990, the law firm of Stanley R. Stern, P.C. (Stanley R. Stern, P.C.) hired petitioner, who is an attorney, pursuant to an arrangement that included provisions for petitioner's compensation. All earned legal fees to which petitioner was entitled during 1990 for his work on behalf of clients of, and other attorneys with, Stanley R. Stern, P.C. were set aside (escrowed funds) in an escrow account (escrow account) established by Stanley R. Stern (Mr. Stern) for those funds and other funds.

Petitioner did not have the authority to withdraw the escrowed funds (or any other funds) from the escrow account. Except as discussed below, when petitioner needed money, he

---

[1] All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

typically asked Mr. Stern to give him a portion of the escrowed funds, and Mr. Stern promptly complied with those requests.

On or about March 23, 1990, Stanley R. Stern, P.C. merged with another law firm (merger) and became known as Stern, Sherman & Tamsen (the firm). Petitioner continued to work for the firm under the same arrangement that he had had with Stanley R. Stern, P.C., although his responsibilities were reduced.

At the time of the merger, the escrowed funds to which petitioner was entitled equaled $173,000. On March 30, 1990, petitioner asked Mr. Stern for those escrowed funds. Mr. Stern did not comply with that request, and petitioner did not receive the escrowed funds during 1990, or any other year, because those funds were stolen by third parties.

During the year at issue, petitioner was a cash basis taxpayer. He did not report the $173,000 of escrowed funds as income in his 1990, or any other, Federal income tax return that he filed, and he did not pay any Federal income tax on those funds in 1990 or any other year.

                              OPINION

Petitioner has the burden of proving that he is entitled to the deduction that he is claiming under section 165. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner contends that he is entitled under section 165 to deduct the $173,000 of escrowed funds that were stolen. Respondent counters that petitioner did not receive those funds and did

not include them in income.  According to respondent, petitioner

therefore has no basis in those funds and, consequently, is not

entitled to the deduction claimed under section 165.[2]

Section 165 provides in pertinent part:

(a) General Rule.--There shall be allowed as a
deduction any loss sustained during the taxable year
and not compensated for by insurance or otherwise.

(b) Amount of Deduction.--For purposes of subsec-
tion (a), the basis for determining the amount of the
deduction for any loss shall be the adjusted basis
provided in section 1011 for determining the loss from
the sale or other disposition of property.

\*    \*    \*    \*    \*    \*    \*

(e) Theft Losses.--For purposes of subsection (a),
any loss arising from theft shall be treated as sus-
tained during the taxable year in which the taxpayer
discovers such loss.

Thus, the amount of the deduction allowable under section 165(a)

is the amount prescribed by section 1011 as the adjusted basis

for determining the loss from the sale or other disposition of

property.  See also sec. 1.165-1(c)(1), Income Tax Regs.  As

pertinent here, section 1011(a) defines the term "adjusted basis"

as the basis determined under section 1012, adjusted as provided

in section 1016, and section 1012 provides that the basis of

property is its cost.

---

[2]  Petitioner claims that respondent's position in effect re-
quires him to report the escrowed funds as income, even though he
never received them.  We disagree.  Respondent does not contend
that petitioner is required to include the escrowed funds in
income.  To the contrary, respondent agrees that those funds are
not includible in petitioner's income because he never received
them.

Petitioner, a cash basis taxpayer, never received the escrowed funds and did not include those funds in income or pay tax thereon for 1990 (or any other year). Petitioner therefore has no basis in the escrowed funds. Accordingly, petitioner is not entitled to a deduction under section 165 for the theft loss of those funds.[3] See <u>United States v. Kleifgen</u>, 557 F.2d 1293, 1299 (9th Cir. 1977); <u>Alsop v. Commissioner</u>, 290 F.2d 726, 727 (2d Cir. 1961), affg. 34 T.C. 606 (1960).

Based on the record before us, we find that petitioner is not entitled to a deduction under section 165 for the $173,000 of escrowed funds that were stolen.

To reflect the concessions of the parties,

<u>Decision will be entered under Rule 155</u>.

---

[3] Although it is not altogether clear, petitioner appears to claim that Mr. Stern paid income tax on some of the escrowed funds. The record does not support petitioner's claim. Even assuming arguendo that it did, petitioner would still not have a basis in the escrowed funds and would not be entitled to a deduction for those funds under sec. 165.