106 F.3d 408
 79 A.F.T.R.2d 97-845, 97-1 USTC P 50,210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manlio Bruno MELILLO; Carolina Melillo, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70577.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manlio and Carolina Melillo ("Melillos") appeal pro se the Tax Court's judgment sustaining the Commissioner of Internal Revenue's disallowance of a net operating loss ("NOL") carryover deducted on the Melillos's 1989 tax return. The NOL was comprised of a casualty loss deduction that resulted from earthquake damage sustained by the Melillo's real property located in Italy. We review the Tax Court's legal conclusions de novo, and its factual findings for clear error. See Condor Int'l, Inc. v. Commissioner, 78 F.3d 1355, 1358 (9th Cir.1996). We have jurisdiction pursuant to 26 U.S.C. § 7442, and we affirm.
 
 
 3
 The Melillos contend that the Tax Court erred by not accepting Mr. Melillio testimony regarding the fair market value of the Italian property. This contention lacks merit.
 
 
 4
 Individual taxpayers are allowed a casualty loss deduction for damage to their property caused by earthquake. See Pulvers v. Commissioner, 407 F.2d 838, 839 (9th Cir.1969); 26 U.S.C. § 165(c)(3). Generally, the casualty loss deduction is the lesser (1) the difference between the fair market value of the property immediately before and after the casualty, or (2) the adjusted basis of the property immediately before the casualty. Treas.Reg. § 1.165-7(a)(2). A property's before and after value "shall generally be ascertained by competent appraisal." See Treas.Reg. § 1.165-7(a)(2)(i). In certain circumstances, the cost of repairs actually made to the property may be used as evidence of the value of the loss. See Treas.Reg. § 1.165-7(a)(2)(ii). The taxpayer bears the burden of proving both the existence of a deduction and its amount. See Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991).
 
 
 5
 Here, Mr. Melillo testified generally as to the structure and contents of the property prior to the 1983 earthquake. He did not, however, provide any appraisals of the property's value before or after the earthquake. Moreover, the Melillos failed to produce any evidence of the amount actually expended to repair the property. Because the Melillos did not substantiate the amount of the casualty loss resulting from the earthquake, the Tax Court properly refused to allow the NOL carryover to the 1989 tax year. See id.
 
 
 6
 The Melillos's contention that the Tax Court erred by not relying on the testimony of Ramon Montclar, a former IRS appeals officer, is also without merit. Although Montclar testified that he had tentatively approved the Melillos's 1989 tax return, he also stated that he based this decision on Mr. Melillo's statements regarding the value of the property rather than on competent appraisal documents. Based on these facts, we conclude that the Tax Court did not err by refusing to rely on Montclair's testimony when determining the value of the casualty loss. See Newman v. Commissioner, 222 F.2d 131, 134 (9th Cir.1955) ("[I]t is the peculiar and exclusive function of the Tax Court to weigh the evidence, determine its probative value, and draw inferences therefrom."); see also Sammons v. Commissioner, 838 F.2d 330, 333-34 (9th Cir.1988) (trial courts have particularly broad discretion with respect to questions of valuation).[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have considered the Melillos's other contentions and conclude that they lack merit