NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

VEGAS VIC, INC. d/b/a Pioneer
Club, Respondent.

No. 74–3278.

United States Court of Appeals,
Ninth Circuit.

Nov. 23, 1976.

As Amended on Denial of Rehearing and
Rehearing En Banc Feb. 2, 1977.

Alan Banov, Atty. (argued), of N. L. R. B., Washington, D. C., for petitioner.

Jeffrey H. Nelson (argued), of Nelson, Kirshman, Goldstein, Gentile & Rexon, Los Angeles, Cal., for respondent.

Before CARTER, WRIGHT and WALLACE, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The Board's order, reported at 213 NLRB No. 116, should be enforced. It is well settled that there must be substantial evidence on the record as a whole to support the Board's findings and that the trial examiner has the responsibility of evaluating the credibility of the witnesses and the weight to be given their testimony. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *NLRB v. Tri-State Stores, Inc.,* 477 F.2d 204, 206 (9th Cir. 1972), *cert. denied* 414 U.S. 1130, 94 S.Ct. 868, 38 L.Ed.2d 754 (1974).

Here substantial evidence on the record as a whole supports the Board's findings that the employer violated the Labor Relations Act by (1) insisting upon a representation election before bargaining with the union, (2) bargaining directly with employees, and (3) unilaterally instituting a new insurance plan.

An incumbent union's majority status is presumed to continue after expiration of an employer-union agreement. *Terrell Machine Co. v. NLRB*, 427 F.2d 1088, 1090 (4th Cir.), *cert. denied* 398 U.S. 929, 90 S.Ct. 1821, 26 L.Ed.2d 91 (1970). To overcome the presumption, the employer must show that the union no longer had majority support or that his refusal to bargain was predicated upon a reasonably grounded good faith doubt of majority support. *Id.* at 1090.

In approaching the question of good faith doubt we note that the Board has adopted an objective approach * and has recently stated: "[T]he standard of serious doubt as employed by the courts is no more or less than the standard the Board sets out when it states that 'reasonably based doubt' must be based on 'objective considerations' . . .." *Bartenders, Hotel, Motel and Restaurant Employers Bargaining Ass'n*, 213 NLRB No. 74, 87 LRRM 1194, 1197 (1974).

In following the objective approach, however, we recognize that subjective intent may be considered insofar as it is discerned from objective evidence. As stated in *Orion Corporation v. NLRB*, 515 F.2d 81, 85 (7th Cir. 1975), "The 'good faith doubt' must satisfy an objective test, although subjective evidence may be used to bolster the argument that such doubt existed at the relevant time."

Vegas Vic contends that it established that it entertained a bona fide doubt as to the union's majority status which should have been sufficient to shift the burden of proof to the general counsel for the Board to come forward with evidence to establish the union's continuing majority. The fac-

tors upon which it relies, however, are insufficient to convince us that the Board's conclusions are not supported by substantial evidence.

The fact that 14 of 24 members of the bargaining unit were not members of the union does not mean that the union did not have their support. *Terrell*, 427 F.2d at 1090; *Retired Persons Pharmacy v. NLRB*, 519 F.2d 486, 490 (2d Cir. 1975). Facts cited by the employer in defense of its withdrawal of recognition are either not supported by the record, refuted by its own actions and 25-year bargaining history, or are the type of "speculative and subjective" information specifically rejected in *Orion Corp. v. NLRB*, 515 F.2d 81, 85 (7th Cir. 1975).

The Board's order will be enforced.

---

* *See Wanda Petroleum*, 217 NLRB No. 62 (April 11, 1975).