33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.R. SIMPLOT COMPANY, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
J.R. SIMPLOT COMPANY, Respondent.
 Nos. 93-70569, 93-70624.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1994.
Decided Aug. 24, 1994.
 
 Before ALARCON, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 J.R. Simplot Company ("Simplot") petitions for review of a decision and order of the National Labor Relations Board ("Board"). The Board concluded that Simplot violated sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act ("the Act"), 29 U.S.C. Secs. 158(a)(1), (5), when it refused to recognize Teamsters Local 760 ("the Union") as the collective bargaining representative of employees at its plant in Quincy, Washington. We have jurisdiction pursuant to 29 U.S.C. Sec. 160(e) and (f), and we enforce the order.
 
 
 3
 * Under section 8(a)(1) of the Act, an employer commits an unfair labor practice if it interferes with its employees' rights to organize and bargain collectively. 29 U.S.C. Sec. 158(a)(1); see id. Sec. 157. Section 8(a)(5) prohibits an employer from refusing to bargain collectively with its employees' representative regarding rates of pay, wages, hours of employment, or other conditions of employment. Id. Sec. 158(a)(5); see id. Sec. 159(a).
 
 
 4
 Once an employer has recognized a union, the union is conclusively presumed to command majority allegiance. NLRB v. Wilder Constr. Co., 804 F.2d 1122, 1124 (9th Cir.1986). This presumption becomes rebuttable after a contract expires. Id. The company's subsequent withdrawal of recognition and refusal to bargain establishes a prima facie case of unfair labor practice. Id. "There is a continuing duty on the employer to recognize and to bargain with the union until the presumption of majority support is rebutted." Id. Refusal to bargain may be justified if the employer had a "good faith doubt" as to the union's majority status. Id.
 
 
 5
 In cases involving business relocation, the Board has held that an existing collective bargaining agreement remains in effect after relocation (1) if there is "continuity of enterprise" between the old and new facility, meaning "the operations at the new facility are substantially the same as those at the old," and (2) if employee transferees from the old facility "constitute a substantial percentage--approximately 40 percent or more--of the new plant employee complement." Harte & Co., 278 N.L.R.B. 947, 948 (1986).
 
 
 6
 We will enforce an order "when the Board's factual findings are supported by substantial evidence on the record as a whole, and the Board's application of those findings is rational and consistent with the Act." Westwood Import Co. v. NLRB, 681 F.2d 664, 666 (9th Cir.1982).
 
 II
 
 7
 * Simplot argues that there is a lack of continuity of enterprise between the Quincy and Wenatchee plants. We disagree.
 
 
 8
 The Board considers certain factors in determining whether continuity exists: "(1) continuity of operational methods, managerial hierarchy, customers, and services or products; (2) distance between the old and new plants; and (3) changes in either the size, makeup, or the identity of the employee complement." Westwood Import Co., 681 F.2d at 666.
 
 
 9
 Although some product lines, equipment and methods of operation at the Quincy plant differ from those at the former Wenatchee facility, substantial evidence supports the Board's finding of continuity of enterprise between the Wenatchee and Quincy plants. The year-round Quincy employee complement is not significantly larger than that maintained at Wenatchee, former Wenatchee employees perform the same jobs under the same supervision at Quincy as they had at Wenatchee, the Quincy plant is only 30 miles from Wenatchee, and the addition of certain varieties of produce at Quincy neither changed job duties and classifications nor altered the nature of Simplot's operations, which is to prime pack and repack produce. In general, the company continues to operate as it had in Wenatchee, using a core, year-round work force and hiring temporary workers during the harvest season.
 
 B
 
 10
 Simplot also argues that it had a good faith doubt as to the Union's majority status among its Quincy employees.
 
 
 11
 To overcome the presumption of majority status, an employer must show either that the union in fact no longer had majority support or that the employer's "refusal to bargain was predicated upon a reasonably grounded good faith doubt of majority support." NLRB v. Vegas Vic, Inc., 546 F.2d 828, 829 (9th Cir.1976), cert. denied, 434 U.S. 818 (1977). We apply an objective test to a claim of good faith doubt, "although subjective evidence may be used to bolster the argument that such doubt existed at the relevant time." Id. (quotation omitted).
 
 
 12
 The Board concluded that the relevant date for determining whether former Wenatchee employees represented a majority of the Quincy workforce was May 25, 1990, the date of the Quincy plant's grand opening. We disagree with the Board's conclusion that the Quincy plant was fully or even substantially operational on this date. The record suggests that the grand opening date was chosen for convenience and did not signify completion of construction or of equipment installation.
 
 
 13
 Even in late August 1990, however, when the plant was fully operational, former Wenatchee employees constituted at least 40 percent, or a substantial percentage, of the Quincy employee complement. Substantial evidence in the record as a whole thus supports the Board's conclusion that Simplot lacked a good faith doubt as to the union's majority status.
 
 III
 
 14
 Because Simplot did not rebut the presumption that the Union commanded majority allegiance among the Quincy employees, the Board's order is
 
 
 15
 ENFORCED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3