33 F.3d 58
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 April Christine BOUSMAN, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 93-10702.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 11, 1994.
Decided Aug. 24, 1994.
 
 Before: NORRIS, THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 April Christine Bousman is a United States citizen, who was arrested and convicted in Mexico City for transporting approximately 2 kilograms of heroin. The Mexican authorities sentenced her to 10 years in prison and 100 days of community service. She was transferred to the custody of the United States pursuant to the United States-Mexico Treaty on the Execution of Sentences. 18 U.S.C. Sec. 4106A. The United States Parole Commission held a hearing and determined her release date. Id. Sec. 4106A(b)(1)(A). Bousman appeals the sentence. We have jurisdiction over the appeal pursuant to 18 U.S.C. Sec. 4106A(b)(2).
 
 
 3
 Bousman claims she should have been awarded a four-level reduction for being a minimal participant under U.S.S.G. Sec. 3B1.2. Bousman claims she had no knowledge she was carrying the drugs and there is no evidence indicating she was an organizer of the crime.
 
 
 4
 The Guidelines commentary sates that this reduction would be appropriate "in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. Sec. 3B1.2 (comment n. 2). "A defendant may be less culpable than other participants, but that does not necessarily entitle her to a minimal or minor role adjustment." Ajala v. United States Parole Comm'n, 997 F.2d 651, 656 (9th Cir.1993). "[T]he mere fact that a defendant acted as a drug courier does not mean his role was minimal or minor." Id.
 
 
 5
 Bousman's attorney made this argument at the special transferee hearing before the Parole Commission. One of the hearing examiners believed she should receive the reduction, the other did not. The Regional Commissioner concluded that Bousman should not receive the four-level reduction because there was "simply insufficient [information] to find either a minimal or minor role. In fact [defendant] traveled from Phoenix to LA to Bangkok to Seoul, Korea to Mexico with others paying for tickets, giving her money & other satchels/suitcases with no suspicion on her part that she was involved in illegal behavior. This is simply not believable."
 
 
 6
 "Whether a defendant was a minimal or minor participant in criminal activity is a finding which 'is heavily dependent upon the facts of the particular case,' and is reviewed for clear error." Ajala, 997 F.2d at 656. The only evidence supporting Bousman's claims is her own testimony, which the Parole Commission found lacked credibility. Bousman presented no evidence corroborating her story. See id. at 657 ("A defendant's self-serving statement that she was merely a courier may be insufficient to support a finding of a minimal or minor role in the offense."). Because we are not left with the definite and firm conviction that a mistake has been committed, we conclude that the Parole Commission did not err in denying the four-level decrease for minimal participation.
 
 
 7
 Bousman also argues she should be awarded a two-level reduction for minor participation. U.S.S.G. Sec. 3B1.2(b). The Parole Commission's decision not to award this reduction is reviewed for clear error, id. at 656, and again we conclude that the Parole Commission did not commit clear error by denying a decrease for minor participation.
 
 
 8
 We AFFIRM the sentence imposed by the United States Parole Commission.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3