33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Edwin ANDERSON, Plaintiff-Appellant,
v.
WARDS COVE PACKING CO., INC., an Alaskan Corporation; and
the F/V Saturn, Official No. 235691, her engines,
equipment and gear, Defendants-Appellees.
 
 No. 93-35682.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1994.
Decided Aug. 24, 1994.
 Before: Pregerson, Canby, and Boochever, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edwin Anderson ("Anderson") appeals the district court's judgment, following a bench trial, in Anderson's negligence action against Wards Cove Packing Co., Inc. ("Wards Cove"). Anderson seeks damages for an injury he suffered during the transfer of fish from a small purse seine fishing vessel onto a Wards Cove tender vessel. We have jurisdiction under 28 U.S.C. Sec. 1291 (1988). We affirm.
 
 ANALYSIS
 
 3
 Anderson appeals on two grounds: (1) the district court's findings on the issue of negligence were clearly erroneous, and (2) the district court abused its discretion by refusing to allow Anderson to cross examine Brian Dwight ("Dwight") with the statement attributed to Dwight in Captain Fletcher's ("Fletcher") deposition.
 
 
 4
 (1) District Court's Findings on the Issue of Negligence.
 
 
 5
 The district court found that Anderson failed to carry his burden of establishing negligence. Negligence is a mixed question of law and fact. "The existence and extent of the standard of conduct are questions of law ... [whereas] issues of breach and proximate cause are questions of fact...." Vollendorff v. United States, 951 F.2d 215, 217 (9th Cir.1991) (citations omitted). Because this is an appeal from a bench trial, we review the district judge's findings of fact, whether based on oral or documentary evidence, for clear error, giving due regard to the court's opportunity to judge the credibility of witnesses. Fed.R.Civ.P. 52(a); Brooker v. Desert Hospital Corp., 947 F.2d 412, 415 (9th Cir.1991) (citations omitted). We review the district court's conclusions of law de novo. Brooker, 947 F.2d at 415.
 
 
 6
 Here, Anderson's challenge attacks the court's findings of fact. Anderson contends that the district court's findings on the issue of negligence were clearly erroneous. In particular, Anderson argues that the court relied on contradictory statements and unfounded speculation by Wards Cove's expert witness, Captain David Green ("Green"), which were contradicted and discredited by Anderson's own evidence. We disagree.
 
 
 7
 The court made its findings after hearing testimony from both parties. Anderson and his witnesses testified that the accident occurred because the Saturn crew negligently engaged Saturn's winches before the brailer was clear of Libby 25's hatchcombing. In contrast, Wards Cove's witnesses, Dwight, Captain Green, and Alan Selstead, testified generally that Saturn's winches were not engaged when the accident occurred, and that the accident occurred because of the Libby 25 crew's actions and Libby 25's unseaworthiness.
 
 
 8
 After reviewing the entire record, we cannot say that the district court clearly erred by believing Dwight, Selstead, and Green's testimony over the testimony of Anderson and his witnesses. Certainly " 'the district court's account of the evidence is plausible,' " meaning that " '[we] may not reverse it even [if] convinced that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently.' " Service Employees Int'l Union v. Fair Political Practices Comm'n, 955 F.2d 1312, 1317 n. 7 (9th Cir.) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 574-75 (1985)), cert. denied, 112 S.Ct. 3056 (1992).
 
 
 9
 (2) District Court's Decision to Exclude Fletcher's Statement.
 
 
 10
 Anderson challenges the district court's decision not to allow Anderson to cross-examine Dwight with a deposition statement made by Saturn's Captain, Fletcher. Dwight had testified that he did not remember whether he saw the accident or was operating the winches at the time. Anderson then sought to question Dwight about his prior statement made to Fletcher, and included in Fletcher's deposition: Fletcher said "[Dwight] told me that Edwin was--had just lifted the brailer vertically out of the hatch, and they were just starting to come across, and apparently the pin rail had snapped on the Libby 25." ER 13, p. 31 ln. 19-22. The district court did not allow Anderson to use Fletcher's deposition statement during cross-examination of Dwight. We review the district court's evidentiary ruling for an abuse of discretion and do not reverse absent some prejudice. McGonigle v. Combs, 968 F.2d 810, 818 n. 6 (9th Cir.1988), cert. dismissed, 113 S.Ct. 399 (1992); Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir.1988).
 
 
 11
 Assuming, without deciding, that the district court abused its discretion by not admitting Fletcher's statement into evidence, we still do not reverse because of lack of prejudice. Dwight's credibility was not pivotal to the court's decision; the court relied more on Anderson's lack of credibility and on the credibility of Wards Cove's expert, when it rejected Anderson's negligence claim. Even if Anderson had been allowed to impeach Dwight with the statement and had convinced the court that Dwight was not a credible witness, we are convinced that the court's decision would not have been different. See Jauregui v. City of Glendale, 852 F.2d 1128, 1133 (9th Cir.1988) ("To show reversible prejudice a party must demonstrate that the allegedly erroneous evidentiary ruling more probably than not was the cause of the result reached by the court.") (citations omitted).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3