33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roy Allen GREEN, Petitioner-Appellant,
v.
L.R. SNIDER, Warden, Respondent-Appellee.
 No. 94-15400.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 25, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roy Allen Green, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, McQueary v. Blodgett, 924 F.2d 829, 832 (9th Cir.1991), and we affirm.
 
 
 3
 Green contends his five-year sentence enhancement for a prior felony conviction imposed pursuant to Cal.Penal Code Sec. 667(a), which was enacted as part of a voter initiative measure known as Proposition Eight, is invalid because Proposition Eight was enacted in violation of California law. Specifically, Green contends Proposition Eight violated California's single-subject rule, that the voters were misled about its application, and that it violated certain provisions of the California Constitution and California electoral laws. Green also contends that section 667(a) violates the rights to due process and equal protection protected by the Fourteenth Amendment.
 
 
 4
 A federal court may not grant habeas relief on the basis of errors of state law, and may review the application of state law only for alleged federal constitutional violations. Pulley v. Harris, 465 U.S. 37, 41 (1984); Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir.1991); see 28 U.S.C. Sec. 2254(a). Accordingly, the district court properly determined that Green's claim that section 667(a) is invalid under California law is not cognizable in a federal habeas proceeding.
 
 
 5
 Even if violations of state law occurred in the enactment of Proposition Eight, but see Brosnahan v. Brown, 651 P.2d 274 (Cal.1982) (upholding the legality of Proposition Eight), Green did not allege any error of state law "sufficiently egregious to amount to a denial of equal protection or due process guaranteed by the Fourteenth Amendment." See Harris, 465 U.S. at 41. Although Green invoked the right to vote and the rights to due process and equal protection in his petition, he made no showing that his sentence enhancement under section 667(a) violates any federal constitutional right. The fact that defendants sentenced pursuant to section 667(a) may receive enhanced sentences for their prior felony convictions does not, of itself, violate equal protection. See McQueary, 924 F.2d at 834-35 (no denial of equal protection in having defendants sentenced under under one system for crimes committed before a certain date and another class of defendants under another system following reform of state sentencing laws). Green did not allege that section 667(a) has been applied in a discriminatory manner, and he cited no facts indicating that he was denied due process in the imposition of his sentence. See id. at 833, 834-35. Because Green failed to state a claim for relief cognizable in a federal habeas proceeding, the district court properly denied his petition. See Hernandez, 930 F.2d at 719-21; McQueary, 924 F.2d at 836.
 
 AFFIRMED[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Green's "Motion for Summary Judgment" filed July 1, 1994 is denied