33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Archie CLIFTON, Petitioner-Appellant,
v.
Wayne ESTELLE, Respondent-Appellee.
 No. 94-15068.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 25, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 MEMORANDUM**
 Oscar Archie Clifton, a California state prisoner, appeals pro se the denial of his second 28 U.S.C. Sec. 2254 habeas corpus petition challenging his 1976 conviction, after a jury trial, for first-degree murder. The district court denied the petition on the ground that the claims presented were either successive or constituted an abuse of the writ. Clifton contends that his conviction is invalid because (1) the state suppressed a tape-recorded interview with a potential alibi witness, Brent Trueblood, in violation of Brady v. Maryland, 373 U.S. 83 (1963); (2) a written record that Clifton refused to waive his Miranda rights should have foreclosed the use at trial of a statement he made while in custody; (3) the trial judge should have instructed the jury sua sponte on the definition of an admission; (4) appellate counsel was ineffective because he failed to raise the jury instruction issue on appeal; (5) the state failed to present to the grand and petit juries laboratory analyses showing that Clifton's blood type was inconsistent with blood or semen found on the victim; (6) Clifton's trial counsel was ineffective because he failed to present the written record of Clifton's refusal to waive his Miranda rights and to introduce at trial the laboratory results and other evidence; (7) the district court violated the Ex Post Facto clause by relying on United States v. Agurs, 427 U.S. 97 (1976) in ruling on Clifton's Brady claims. We have jurisdiction under 28 U.S.C. Sec. 2253 and affirm.
 We review for abuse of discretion a district court's decision to deny consideration of the merits of a claim for habeas relief on the ground that the claim is successive or abusive. Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1993).
 A federal court need not consider the merits of a second or subsequent habeas petition if it presents successive claims or claims that constitute an abuse of the writ. Id.; 28 U.S.C. Sec. 2244(b); Rule 9(b) of the Rules Governing Sec. 2254 Cases. "A claim is successive if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously determined on the merits." Campbell, 997 F.2d at 515-16. Claims that are not successive may constitute an abuse of the writ if the petitioner fails to show adequate cause for his failure to present the claim in his prior petition and "actual prejudice resulting from the errors of which he complains." McCleskey v. Zant, 499 U.S. 467, 494 (1991). A showing of cause requires a showing that an impediment external to the defense, such as government interference or the unavailability of the factual basis for a claim, prevented the petitioner from raising a claim in his first petition. Id. at 497. If petitioner does not show cause, the court may address the claim only if a "fundamental miscarriage of justice would result from the failure to entertain the claim." Id. at 494-95.
 
 
 1
 Clifton was convicted in 1976, after a jury trial. His conviction became final in 1978. In 1980, after pursuing state postconviction remedies on a number of claims, he filed a first federal habeas petition. After further proceedings that included an evidentiary hearing in federal court on Clifton's Brady claim, the district court denied the petition in a 40-page decision. See Clifton v. McCarthy, CV-80-687-LKK (E.D.California 1984).
 
 
 2
 The district court properly concluded that several of the grounds for relief presented in this second petition are successive. Clifton's Brady claim concerning the Trueblood tape was rejected on the merits in the previous habeas proceedings. We affirmed that decision, Clifton v. McCarthy, No. 84-1939, unpublished memorandum decision (9th Cir.1984), and the Supreme Court denied certiorari, 477 U.S. 906 (1986). Clifton's claims based on an alleged violation of his Miranda rights and on the trial court's failure to give a jury instruction on the defendant's oral admission were also rejected on the merits in the first habeas proceeding. Clifton did not appeal those rulings. His claims, raised in his second petition, of ineffective assistance of trial and appellate counsel based on the Miranda and jury instruction issues are successive claims, and are therefore foreclosed. See Campbell, 997 F.2d at 516 (a different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive); Rule 9(b) of the Rules Governing Sec. 2254 Cases.
 
 
 3
 Clifton failed to show cause for his failure to present in his previous petition his claims that the state failed to present to the grand and petit juries laboratory analyses showing that blood found on the victim was Type "A" and that Clifton's blood type is "O," and that his trial counsel was ineffective because he failed to present this and other evidence to the jury. The record indicates that the state disclosed this evidence to the defense. The state had no obligation to present exculpatory evidence to the grand jury. See United States v. Isgro, 974 F.2d 1091, 1096 (9th Cir.1992), cert. denied, 113 S.Ct. 1581 (1993). The laboratory report does not indicate, as Clifton contends, that the murderer had type "A" blood and that the semen found on the victim's body could not have been Clifton's. It indicates that the blood found on the victim was probably the victim's menstrual blood, and that the analysis of the semen found on the victim did not rule out Clifton as the perpetrator. The other evidence Clifton contends his trial counsel should have presented to the jury also does not demonstrate his innocence. Thus, the district court did not abuse its discretion in concluding that denial of these claims will not result in a miscarriage of justice. See Cambell, 997 F.2d at 525.
 
 
 4
 Clifton's claim that the district court violated the Ex Post Facto clause when it ruled on Clifton's Brady claim during the previous habeas proceeding is meritless. See Collins v. Youngblood, 497 U.S. 37, 52 (1990) (Ex Post Facto clause applies only to statutes that define criminal conduct, increase punishment for an offense, or make a previously available defense unavailable).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Clifton's request for oral argument is denied. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3